# CHARLESTON.

### D. M. BLUMBERG, ADMINISTRATOR, *v.* S. M. SNYDER.

Submitted January 24, 1922.   Decided January 31, 1922.

APPEAL AND ERROR—*Circuit Court Must State that it Deems Common Pleas Judgment Plainly Right to Make Order Refusing Writ of Error Final and Reviewable.*

An order of the Circuit Court of Kanawha County refusing to allow a writ of error to the judgment of the Court of Common Pleas of that county  must  state therein  that the judge thereof deems the judgment of the Court of Common Pleas plainly right and that he rejects the application for error on that ground, in order to make such order final and subject to appellate process, as provided in chap. 109, sec. 20, Acts, 1915; and if a writ of error from this court has been granted in the absence of such finality in the order, required by said Act, it will be dismissed as improvidently awarded.

Error to Circuit Court, Kanawha County.

Action by D. M. Blumberg, administrator of the estate of Dora Marovitz, deceased, against S. M. Snyder. From a judgment of the circuit court refusing to award plaintiff a writ of error to a final judgment of the court of common pleas, plaintiff brings error.

*Writ of error dismissed.*

*Morton & Mohler,* for plaintiff in error.
*E. B. Dyer* and *Morgan Owen,* for defendant in error.

LIVELY, JUDGE:

This writ of error prosecuted by Blumberg, administrator, is to a judgment of the circuit court of Kanawha County,

rendered on the 15th day of June, 1921, refusing to award to him a writ of error to a final judgment of the court of common pleas of Kanawha County, rendered on May 24, 1921, in an action of assumpsit in which he was plaintiff and S. M. Snyder was defendant.

The action involved the right of Blumberg as administrator of Marovitz, deceased, to sell and assign a contract of lease of a certain building made by Snyder to Marovitz in his lifetime, without first obtaining the written consent of Snyder, the lessor, waiving the covenants in said lease against assignment or sub-letting by Marovitz, the lessee. The lease provided that the lessee should not assign the lease nor sublet without the consent of lessor in writing, under penalty of forfeiture, and Snyder refused to give consent to Blumberg, the administrator, in writing to a waiver of these provisions. In order to protect the interests of the estate by speedily converting the lease, together with the valuable stock of merchandise in the building leased, into money, Blumberg paid Snyder, under protest, $1500.00 and thus obtained his written consent and waiver. Afterwards he began this action to recover the $1500.00 as paid without consideration deemed valuable in law. The court of common pleas, when plaintiff rested his case, directed a verdict for defendant, which was accordingly returned, and judgment of nil capiat entered thereon.

A petition accompanied by the record was afterwards presented to the judge of the circuit court, praying for a writ of error, which, having been inspected and considered, was refused. The order states: ''The Court * * * is of opinion to and doth refuse to award to the said D. M. Blumberg, administrator of the estate of Dora Marovitz, a writ of error and supersedeas to the judgment.'' As above stated, it is from this order Blumberg now prosecutes this writ of error.

We are met at the threshold with a challenge to our jurisdiction to entertain this writ. Chapter 109, Acts of 1915, establishes the court of common pleas of Kanawha County, defines its powers and duties, and sec. 20 thereof prescribes the procedure by which appeals, writs of error or supersedeas may be obtained by application to the circuit court, thence, in

case of refusal, to this court. The section reads: "In a
case wherein the appeal, writ of error or supersedeas is to the
circuit court and the court or judge thereof deems the judg-
ment or order plainly right, and rejects it on this ground, if
the order of rejection so state, no further petition shall after-
ward be presented for the same purpose, but the petition and
order of rejection with transcript of the record may be pre-
sented to the supreme court of appeals, or judge thereof, in
vacation, for an appeal from said order of rejection, if the
matter is one of which said supreme court of appeals has jur-
isdiction and, if allowed, the same proceeding may be had
thereon as if the same was a petition originally from the cir-
cuit court of said county to the supreme court of appeals."

Courts of limited jurisdiction are established under Art. 8,
sec. 19 of the Constitution, "with the right of appeal to the
circuit court, subject to such limitations as may be prescribed
by law." And under section 12 of the same article circuit
courts "shall have appellate jurisdiction in all cases, civil and
criminal, where an appeal, writ of error or supersedeas may
be allowed to the judgment or proceedings of any inferior
tribunal." Under the Constitution appellate proceedings
from a court inferior to a circuit court can only reach this
court through the circuit court, and under such regulations as
may be prescribed by law. *Robinson* v. *Charleston Interur-
ban Ry. Co.*, 80 W. Va. 290; *Rosin Land Co.* v. *Martin*, 81 W.
Va. 33.

It will be observed that the order of the circuit court does
not show refusal to review because the judge deemed the
judgment of the court of common pleas plainly right, and re-
fused it on that ground—an important provision of the stat-
ute. That appellate proceedings can be had only to judg-
ments, orders or decrees which are final is elementary. As
long as power to review, change or correct remains, there is
no finality to be corrected by appellate process. The appel-
late jurisdiction of this court in civil matters is limited to
cases where the matter in controversy, exclusive of costs, is
of greater value or amount than $100 "wherein there is a
final * * * decree or order." Chap. 135, sec. 1, Code. A refusal
to grant the prayer of a petition for error is ordinarily not

final; within the statutory time allowed for appeal or error, the petition may again be presented. It is reasonable to suppose that a court once having refused error would not likely again consider another application. But there would be nothing to prevent. The term of the judge so refusing may end and his successor inducted into office before limitation of time for error. His action on another application may grant the writ. The statute quoted makes the order refusing error final when the judge deems the judgment or order of the court of common pleas plainly right, and so states, and in terms prescribes that no further petition shall afterwards be presented for the same purpose. It then provides for application to this court when such finality appears. May not the legislature also have intended that the judge of the circuit court should not refuse as a matter of form, and thus allow petitioner to apply to this court without careful review on his part, thus accentuating the spirit of the constitutional provision requiring appellate process from a court of limited jurisdiction through the circuit court in order to reach the Supreme Court? The intent and reason is that the judgment of the circuit court on the merits must be obtained and stated. But we need not enter into speculation as to the motives which actuated the legislation. The statute clearly states when and for what reason, to be stated in the order, finality shall appear for purposes of further appellate proceedings to this court; and, as before stated, this court cannot review until there is a final decree or order. Can we otherwise construe this statute? Is it not so plain as to preclude interpretation? Is there any ambiguity in it? It is a well established rule of construction that the courts will not interpret that which is plain and has no need of interpretation. *Price* v. *Harrison,* 31 Grat. 114. ''There is no safer or better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses.'' Lewis' Sutherland Stat. Const., sec. 367.

It may be observed that refusal of application to this court for appeal or error is not final, and the application may be renewed before limitation expires, unless the court deems the judgment, decree or order complained of plainly right and re-

jects it on that ground.    Chap. 135, sec. 11, Code.    This chapter, so far as applicable, governs proceedings for writ of error from the court of common pleas to the circuit court of Kanawha County.    See sec. 18, chap. 109, Acts, 1915.

Our conclusion is to dismiss the writ as improvidently awarded.

*Writ of error dismissed.*