Long Flame Coal Company *v.* State Compensation Commissioner

(No. 7040)

Alice B. Pettry *v.* State Compensation Commissioner

(No. 7043)

Submitted January 14, 1932.    Decided January 19, 1932.

*Goodykoontz & Slaven,* for Long Flame Coal Company.

*W. H. Pettry,* for Alice B. Pettry.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent State Compensation Com'r.

*Rummel, Blagg & Stone, Greever & Gillespie,* and *Goodykoontz & Slaven,* for West Virginia Coal Association and others, *amici curiae.*

*Dillon, Mahan & Holt,* for New River Company and others, *amici curiae.*

LIVELY, JUDGE:

These two appeals from the rulings of the state compensation commissioner, and prayer for prohibition in No. 7043, present one controlling question of law and will be considered together.

In the Long Flame case, the employee, Cabell Thomas, was injured by a slate fall in the mine on November 29, 1929, and died on November 30, 1930, at about ten o'clock A. M., more than one year from the date of his injury. In the Pettry case, Harrison Pettry, the husband of Alice B. Pettry, and an employee of Glogora Coal Company, was injured in the employment on September 30, 1926, and died on December 9, 1930, more than one year from the date of his injury. In the Long Flame case, the commissioner awarded compensation to the widow of Thomas of thirty dollars per month and to three children five dollars each per month until they arrived at the age of sixteen years. In the Pettry case, the widow and minor children were refused compensation on the ground that Pettry's death occurred more than one year from the date of his injury. The question presented is this: Does the commissioner have power under the Compensation Act to make awards to dependents where the death of the employee occurs more than one year from the date of the injury? In the first case, the commissioner awarded compensation to the widow and infant children, while in the Pettry case, compensation was denied to the widow and infant children. In the Pettry case, the death of the injured

workman occured a little over four years from the date of his injury; while in the Long Flame case, Thomas died one day after the expiration of one year from the date of his injury.

Here, we have two rulings which are apparently inconsistent. It is true, that in the Long Flame case, the commissioner takes the position that the award to the widow and minor children was based on the theory that Thomas, the employee, died less than one year from the date of his fatal injury. We find no basis of fact for that contention. There is no controversy of fact as to the time when he received his injury on November 29, 1929, and there is no question but that he died on November 30, 1930, about ten o'clock A. M. If no compensation can be awarded to dependents where the death of the employee occurs more than one year from the date of injury, then it is immaterial whether the employee died one day or four years after the one-year period. One day is as effective to prevent awards as four years.

When and to whom shall death benefits be paid under the Compensation Act? Code 1931, 23-4-10, provides: "In case the personal injury causes death within the period of one year from the date of the original injury, and the disability is continuous from date of such injury until date of death the benefits shall be in the amounts and to the persons as follows:" Then follows the amounts to be paid to dependents according to the variant facts in each particular case. This is the only express authority for payment of death benefits. There is no express provision for paying death benefits where the death occurs more than one year from the date of the fatal injury. On the other hand, there is no express provision that death benefits shall *not* be paid after one year from the fatal injury. What was the intention of the legislature in that regard? We are constrained to hold that the proper construction is that no benefits be paid unless death ensues *within* one year from the fatal injury for the following reasons: (1) In nearly all of the compensation acts in the states there are similar provisions to that above quoted, and we are unable to find (and we have not been cited to) any decision construing those acts so as to grant compensation after the

time stated in the statutes. On the contrary, those courts which have had occasion to consider the question have denied compensation where the death occurred later than the time stated in the act. *Partusch* v. *Kaufman-Straus Co.*, 209 Ky. 345, 272 S. W. 884; *Industrial Commission* v. *Kamrath*, 118 Ohio St. Repts. 1, 160 N. E. 470; *Proops* v. *Twohey Bros.*, 29 Ariz. 164, 240 Pac. 277; *Monvoisin* v. *Plant*, 147 La. 464, 85 So. 206, and *In re Comstock*, (Me.) 152 Atl. 618. (2) When we look to the legislative history of the Act, we find that in the original act of 1913, death benefits to the dependents were awarded if the injury to the workman resulted in death within ninety days. In 1915, the time was extended to 26 weeks; in 1919, to one year, which is the present statute. In 1927, the time was extended to four years if the injury was continuous to the date of death within that time. This act did not become effective because it was vetoed by the governor for other reasons. The question of the limitation of time in which awards could be made in case of death from the injury was before the legislature and discussed in the passage of the act of 1927 (vetoed), wherein it was argued that one year limitation was too short. See Senate Journal 1927, p. 1083. This legislative history impels the conclusion that the legislature construed the various acts to mean that no compensation was awardable after the time fixed therein, namely, 90 days in 1913, 26 weeks in 1915, and one year in the act of 1919. If compensation was awardable after the 90 days fixed in the act of 1913, then there would have been no necessity in extending the time mentioned in the other acts. By the Compensation Act a new remedy to the workmen, unknown to the common law, was provided, and the legislature had power to prescribe a limitation of time in which it could be asserted. The legislative history of the compensation law (which we may consider, 15 R. C. L. 1110) is very persuasive of the interpretation given by the legislature to the right to awards of dependents within the time stated in the acts, which is now fixed at one year from the date of the fatal injury. The intent of the legislature governs.

It is argued that the commissioner has always interpreted the act to mean that no award can be made to dependents

after one year from the date of the fatal accident, and therefore the practical administrative construction over a long period of years should not be disturbed except for cogent reasons. *Daniel* v. *Sims,* 49 W. Va. 554, 39 S. E. 690. We are not impressed with this argument, for we have before us the ruling in the Long Flame Case which is inconsistent with the alleged uniform administrative interpretation.

It is argued on behalf of the dependents that the statute should be construed to give them compensation after the one-year period because the act is in derogation of common law principles and of existing statute law, especially Lord Campbell's Act (Code 1931, 55-7-5); and that the compensation act should be liberally construed in their favor. The compensation laws embody such radical changes of common law principles and of Lord Campbell's Act (Code 1931, 55-7-5), that a consideration of common law principles, and the act giving right to sue at law for wrongful death, can have little weight in construing the limitation of time for the assertion of benefits in the compensation act. *Cudahy Packing Co.* v. *Parramore,* 263 U. S. 418; *Jenson* v. *So. Pac. Co.,* 215 N. Y. 514. By the Compensation Act, the employee is insured not only against injuries from negligence of the employer but also against the result of his own contributory negligence, and his common law assumption of risk. He is insured against personal injuries which occur from and in the course of his employment. His remedy for wrongful death occurring from and in the course of the employment is preserved. The amount of recovery is limited in a sense but is reasonably definite in amount; whereas, under his former remedy his recovery was uncertain from defense of assumption of risk, contributory negligence, and the negligence of a fellow servant, and the amount also was uncertain depending upon jury finding, after long delay and expensive litigation and fees. A sure, quick and inexpensive remedy is given the workman in place of an uncertain, delayed and expensive one for all personal injuries arising out of and in the course of the employment. It cannot be questioned that the legislature in providing the new remedy had power to limit the amount of awards, the time in which to be made, and the per-

sons to whom the benfits should be paid. Therefore, the legislative intention is controlling, and as above stated, that intention is reasonably ascertained from the legislative history. While the Compensation Act prescribes (Code 1931, 23-4-10, above quoted), the amount and to whom death benefits shall be paid where the death occurs within one year after the date of the fatal injury and the disability is continuous from injury to death, still there is no express provision which says that awards may not be made to dependents where death occurs more than one year from date of injury. But said section seems to be the only authority the commissioner has for payment of death benefits, as above stated. In considering the controlling question before us, we have had much trouble in harmonizing section 4 of the Act (Code, 23-4-4), which empowers the commissioner to pay reasonable funeral expenses not to exceed $150.00 where the death occurs within four years from the date of the original injury *in addition to such awards as may be made to the employee's dependents.* Award of benefits to dependents cannot be made until the death of the employee. While he lives the benefits are paid to him alone. What then did the legislature mean in saying that funeral expenses might be made where the death occurs within four years from date of injury *in addition to awards to the dependents?* Did it mean to allow awards to dependents where the death occurred within four years from the date of injury and the disability is continuous and total from injury to date of death? It is difficult to reconcile the solecism in the two sections. In construing a statute, every word, phrase, paragraph and provision in it must be given full force and effect if it can be consistently done. But if that cannot be done, they must be made effective as far as possible. *Old Dominion, etc.* v. *Sohn,* 54 W. Va. 101, 46 S. E. 222; *State* v. *Hall,* 86 W. Va. 1, 7, 102 S.E. 694. The subject in mind under consideration by the legislature in adopting said section 4 (passed in 1929, chap. 71, sec. 29), was the payment of funeral expenses, and not the payment of compensation to dependents; and as demonstrated by the legislative history of section 10 (allowing payment to dependents, often before and since under consideration with relation to the time of

death from date of fatal injury) it is reasonably apparent that said section 10 in existence in 1929 was not intended to be repealed, amended or its provisions constricted by section 4, at that time adopted. In *Wellsburg, etc.* v. *Traction Co.,* 56 W. Va. 18, 48 S. E. 746 it was said in syl. 9: "A clearly expressed intention in one part of a statute does not yield to a doubtful construction of another portion of it; and when the general intention of the legislature is clear and the spirit and purpose of the statute are manifest a mere implication or inference of a contrary particular or special intent arising out of language of a doubtful meaning must yield to the general intent." Under this cannon of statutory construction we cannot hold that section 4 extends the time of one year given in section 10 to four years as might be implied from its language. To harmonize section 4 with section 10 and to give the former its proper effect we hold the purpose to be to give the commissioner power to pay reasonable funeral expenses if death occurs within four years from the date of fatal injury and the disability is continuous in addition to (and not subtracted from) such awards as may have been or be made under the provisions of the act pertaining to such awards. It extends the time for payment of funeral expenses to four years from date of fatal injury. From these considerations, we decide the controlling question, hereinbefore propounded, in the negative. This holding disposes of the Pettry case and the ruling of the commissioner therein is affirmed.

We advert to the Long Flame case. Was the order of the commisioner awarding compensation to the widow and minor children *coram non judice?* If so, he has exceeded or abused his jurisdiction and his order is void. If, on the other hand, he had jurisdiction to promulgate that order, and his action was not in excess of, or abuse of jurisdiction, the remedy for reversal is by appeal and not by prohibition; both of which remedies are here invoked. Long Flame appealed alleging (1) that the commisioner had no power to make the awards because the death did not occur within one year from date of fatal injury, and (2) that he erred in not entertaining its protest received by him on April 11, 1931. By an amendment to the petition, it prays for prohibition against him

to prevent payment of the awards, on the first ground above stated.

That he has jurisdiction to make awards to dependents of deceased workmen who die within one year from date of fatal injury cannot be questioned. The substance of definitions of jurisdiction is, power to hear and determine a cause. "Jurisdiction in courts is the power and authority to declare the law. The very word in its original, imports as much; it is derived from *juris* and *dico*—I speak the law." *Johnston* v. *Hunter,* 50 W. Va. 52, 55, 40 S. E. 448. The Commissioner has the power and jurisdiction to make awards which the compensation law directs. He must speak that law in all cases. If the case presented shows on its face without question that the compensation law denies power to award, he must speak that law. Otherwise, he had abused his jurisdiction. If he speaks otherwise he commits error but the error is of such grievous nature as to amount to abuse of power and calls for prompt redress. *N. & W. Ry. Co.* v. *Pinnacle Coal Co.,* 44 W. Va. 574, 30 S. E. 196. The application showed the date of the fatal injury and the date of the death, and that the death did not occur *within* one year from the injury. There is no semblance of controversy over that fact. The commissioner can no more make an award to dependents where the death occurs more than one year from date of fatal injury than a justice of the peace could assume jurisdiction and render judgment in a suit before him where the amount in controversy exceeds $300.00—there being no question about the amount in controversy. Where courts of general jurisdiction proceed within the scope of their general powers every presumption, *not inconsistent with the record,* is to be indulged in favor of the jurisdiction. *St. Lawrence Co.* v. *Holt,* 51 W. Va. 352, 41 S. E. 351. But in respect to courts of limited or special jurisdiction, their powers, or jurisdiction, must affirmatively appear by proper averment or sufficient evidence in the record or their judgments will be deemed void on their face. *Yates* v. *County Court,* 47 W. Va. 376, 35 S. E. 24; *Mayer* v. *Adams,* 27 W. Va. 244. No presumption is indulged in the jurisdiction of inferior courts exercising special statutory powers not according to the course of com

mon law, but their records must affirmatively show the facts which confer jurisdiction.'' 12 Ency. Pl. & Pr. 176. Prohibition lies as a right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or having such jurisdiction exceeds its legitimate powers. Code 1931, 53-1-1. In all cases, it is the lack of jurisdiction to do a particular thing which, if done, calls for prohibition, and the writ will lie although there may be other remedy. Prohibition is now a writ of right. *State ex rel. Constanzo* v. *Kindelberger,* 88 W. Va. 131. Its purpose is to keep courts and tribunals within the limits prescribed for them by law. It will never be allowed to usurp the functions of writs of error, certiorari or appeal. It cannot be used for the correction of errors committed within the tribunal's jurisdiction. The commissioner has power to make awards to dependents, as above stated, but if in any particular case he cannot make an award under the act, and does so, he has to that extent abused his power, and prohibition will lie.

We conclude that he has abused his power in the instant case. He was without power to make the awards; they are null and void, and should be prohibited.

*Prohibition awarded.*