76 S.E.2d 594 (1952)
DOUGHERTY
v.
CITY OF PARKERSBURG et al.
No. 10475.
Supreme Court of Appeals of West Virginia.
Submitted September 3, 1952.
Decided September 30, 1952.
Dissenting Opinion July 30, 1953.
*595 Robert B. McDougle and Joseph M. Handlan, Parkersburg, for plaintiffs in error.
Orville L. Hardman and Eugene T. Hague, Parkersburg, for defendant in error.
RILEY, President.
In this proceeding in mandamus, instituted in the Circuit Court of Wood County by Harry S. Dougherty against the City of Parkersburg, a municipal corporation, Golden Underwood, its mayor, and R. H. Boice, Robert S. Widmeyer, and William A. Smith, members of the Civil Service Commission of the City of Parkersburg, the respondents prosecute this writ of error to a final order of the circuit court, entered on December 11, 1951, commanding them to reinstate and restore the petitioner, Harry S. Dougherty, to his former position of lieutenant in the police department of the city of Parkersburg.
The petitioner filed his petition in the circuit court, praying that he be awarded a writ of mandamus, commanding the respondents to "reinstate this petitioner to his former position of Lieutenant in the Police Department of the city of Parkersburg." This petition alleges that the respondent mayor is authorized to make all appointments to the police department, except so far as his appointing power and confirmation may be restricted or governed by the provisions of Chapter 57, Acts of the Legislature, 1937, as amended (Michie's West Virginia Code, Anno., 1949, 8-5A); that the respondents, the civil service commissioners have been acting under the authority of said Chapter 57, Acts of the Legislature, 1937, as amended; that the petitioner is less than sixty-five years of age, and, therefore, is not required by Section 20, Article 6, Chapter 93, Acts of the Legislature, Regular Session, 1945, to be retired from employment as a member of the police department of the city of Parkersburg *596 (Michie's West Virginia Code, Anno., 1949, 8-6-20); that on August 2, 1949, the petitioner then having attained the rank of lieutenant, was notified by the respondent mayor, Golden Underwood, that "for reasons of economy", petitioner was to be retired from the police department which retirement was to be effective on August 16, 1949; and that said reduction was in accordance with "Michie's West Virginia Code of 1943. Serial Section 525(13)" (Section 13, Chapter 57, Acts of the Legislature, Regular Session, 1937); that Section 13, Chapter 57, Acts of the Legislature, Regular Session, 1937, provides "by necessary implication any policeman retired on pension for reasons of economy shall be reinstated to the Police Department from which he has been retired before any new appointments are made to the said Police Department, if and when it becomes necessary to again increase the number of policemen to the strength existing prior to the reduction in number for economy reasons"; that on July 13, 1950, petitioner made application to the respondent mayor for reinstatement to the police department in accordance with "Article 5A, Chapter 8 of the Code of West Virginia" (Section 13, Chapter 57, Acts of the Legislature, Regular Session, 1937); that it was the duty of the respondent, the city of Parkersburg, acting by and through its mayor and the respondents, the civil service commissioners, to reinstate the petitioner to his former position of lieutenant in the police department, which duty the respondents have failed and refused, and still fail and refuse, to discharge.
To this petition the respondents filed a joint and separate demurrer, which draws into issue the soundness of the petitioner's interpretation of Section 13, Chapter 57, Acts of the Legislature, 1937, which demurrer was overruled. Thereupon, the respondents filed their joint and several answer, denying that they have failed and refused to discharge their duties as alleged in the petition; that when the respondent mayor and the Council of the City of Parkersburg, met as required on August 2, 1949, for the purpose of preparing the budget of the city of Parkersburg for the fiscal year 1949-50, it was deemed by them necessary "for purposes of economy" to reduce the number of paid members of the police department of the city of Parkersburg; that on that date the petitioner was more than fifty years of age, and had been in continuous service in the police department of the city for more than twenty years, to wit, twenty-three years, and, therefore, under Section 20, Article 6, Chapter 93, Acts of the Legislature, Regular Session, 1945 (Michie's West Virginia Code, Anno., 1949, 8-6-20), was eligible for retirement as a member of the police department with a pension of one hundred dollars a month during the remainder of his life; that the respondent, Golden Underwood, wrote a letter, dated August 2, 1949, notifying the petitioner that he was to be retired "for purposes of economy", which letter is quoted verbatim in the respondents' answer; and that pursuant to such notification the Council of the city of Parkersburg, on August 23, 1949, ratified the action of the board of trustees of the policemen's pension or relief fund of the city of Parkersburg, by placing the petitioner upon the retirement roll of said city. Respondents' answer alleges that petitioner was duly and legally retired and received specified retirement payments; that on July 13, 1950, the petitioner wrote a letter to the respondent mayor, quoted verbatim in the answer, applying for immediate reinstatement as a lieutenant in the police department of the city of Parkersburg; and, finally, the answer alleges the legal conclusion, perhaps not appropriate in the answer, that the provision of Section 13, Chapter 57, Acts of the Legislature, Regular Session, 1937, dealing with the reinstatement of police officers, applies only to members of a police department who have been "`suspended' pursuant to said Serial Section [13] and does not apply to members of said department who have been retired on pension."
The answer contains in full a letter of the mayor, dated July 18, 1950, directed to the Council of the City of Parkersburg, stating that "Being the appointing officer for the personnel of the police department", the respondent mayor desired to appoint for *597 a probationary period of six months to the police department four named applicants, who had been certified to him by the secretary of the civil service commission of the city of Parkersburg.
The factual allegations of the petition and the joint and several answer were amply sustained by evidence adduced on behalf of both petitioner and respondents, which evidence fully establishes that the petitioner has served as a member of the police department of the city of Parkersburg, in continuous and honorable service for more than twenty years; that he was at the time of his retirement, as well as at the time of the trial, slightly over fifty-three years of age; and that he is in good health and physical condition, and able to resume his duties as a lieutenant of the police department of the city of Parkersburg.
On the basis of the foregoing the circuit court granted the writ, commanding the respondents to reinstate the petitioner to his position as a lieutenant in the police department.
Section 13, Chapter 57, Acts of the Legislature, Regular Session, 1937 (Michie's West Virginia Code, Anno., 1949, 8-5A-13), the statute under which the respondents sought to retire petitioner "for reasons of economy" reads, in part:
* * * Provided, however, That if for reasons of economy or other reasons it shall be deemed necessary by any city or municipality to reduce the number of paid members of any police department then said municipality shall follow the following procedure:
"First: If there be any paid policemen eligible for retirement under the terms of a pension fund act, if such fund exists in said city or municipality, then such reduction in numbers shall be made by retirement on pension of all such eligible paid members of the police department;
"Second: If the number of paid policemen eligible for retirement under the pension fund of said city or municipality, if such pension fund exists, is [in] sufficient to effect the reduction in numbers of said paid police department desired by said city or municipality, or if there is no eligible person for retirement under the pension fund of said city or municipality, or no pension fund exists in said city or municipality, then reduction in members of the paid police department of said city or municipality shall be effected by suspending the last man or men, including probationers, that have been appointed to said police department. Such removal shall be accomplished by suspending the number desired in the inverse order of their appointment: Provided, further, That in event the said police department shall again be increased in numbers to the strength existing prior to such reduction of members the said policemen suspended under the terms of this act shall be reinstated in the inverse order of their suspension before any new appointments to said police department shall be made."
The prefix "in" to the word "sufficient", which is italicized in the foregoing quotation, is not contained in Section 13, Chapter 57, Acts of the Legislature, Regular Session, 1937, and therefore is not contained in Michie's West Virginia Code, Anno., 1949. We have inserted it by italics in the foregoing quotation for the purpose of the appraisal of this case, because without such insertion Section 13, Chapter 57, Acts of the Legislature, 1937, would be unintelligible and would lead to an absurd result. We, therefore, are at liberty to interpret the statute to read as if the prefix "in" were contained in the statute, in order to effectuate the legislative intent. Harman v. Howe, 27 Grat. 676, 68 Va. 676; Hutchings v. Commercial Bank of Danville, 91 Va. 68, 20 S.E. 950; Johnson v. Barham, 99 Va. 305, 38 S.E. 136; Hood v. City of Wheeling, 85 W.Va. 578, 102 S.E. 259.
Section 13, Chapter 57, Acts of the Legislature, Regular Session, 1937, providing for a reduction in the number of paid members of a municipal police department "for reasons of economy", and Code, 8-6-20, as amended and reenacted by Section 20, Article 6, Chapter 69, Acts of the Legislature, 1935, and Section 20, *598 Article 6, Chapter 93, Acts of the Legislature, 1945, which provide for the voluntary retirement of any member of a municipal police or fire department, who is entitled to the benefits of the pension fund, and who has been in continuous service for twenty years or more, and has reached the age of fifty years, should be read in pari materia, as reference must be had to the latter statute in order to appraise the former. These statutes are related and to a large extent pertinent to the same subject matter. State v. Reed, 107 W.Va. 563, pt. 2 syl., 149 S.E. 669; State v. Hoult, 113 W.Va. 587, 169 S.E. 241.
In issuing the writ in mandamus, the Judge of the Circuit Court of Wood County, as disclosed by his written opinion, made a part of the record, held that three things are necessary to render petitioner "eligible" for retirement: (1) Petitioner must have been in continuous service for twenty years or more; (2) he must have reached the age of fifty years; and (3) he must have made written application for retirement to the board of trustees of the policemen's pension fund; and on the basis that petitioner had not made a written application for retirement to the board of trustees, the circuit court held that he was not eligible for retirement, and could not against his will be required to retire.
In retiring the petitioner, the respondent mayor relied upon the act relating to the firemen's and policemen's pension or relief funds, Code, 8-6-20, as amended and reenacted by Section 20, Article 6, Chapter 69, Acts of the Legislature, 1935, and Section 20, Article 6, Chapter 93, Acts of the Legislature, 1945, the pertinent provision of which reads: "Any member of a municipal fire department or police department who is entitled to benefits of said fund, and who has been in the continuous service of such department for twenty years, and upon reaching the age of fifty years, may, upon written application to the board of trustees, be retired from all service from such department without medical examination or disability * * *."
Both the police civil service act, Chapter 57, Acts of the Legislature, 1937, and the act relating to the policemen's and firemen's pension or relief funds, Code, 8-6-20, as amended and reenacted by Section 20, Article 6, Chapter 69, Acts of the Legislature, 1935, and Section 20, Article 6, Chapter 93, Acts of the Legislature, 1945, are remedial in their nature. Sturm v. Seamonds, Mayor, 122 W.Va. 338, 9 S.E.2d 227. And being read in pari materia, both statutes should be liberally construed in order to effectuate the underlying purposes thereof. Sturm v. Seamonds, Mayor, supra; Esque v. City of Huntington, 104 W.Va. 110, 139 S.E. 469, 54 A.L.R. 785; and Hasson v. City of Chester, 67 W.Va. 278, 67 S.E. 731. An underlying purpose of the police civil service statute is to give security to members of paid police departments of municipalities having a population of five thousand or more against the vicissitudes which always attend, in the absence of protective statutes, such as the police civil service act, political municipal elections.
The police civil service act of 1937, as this Court said in Ebbert v. Tucker, 123 W.Va. 385, 390, 15 S.E.2d 583, provides for a complete and all-inclusive system for the appointment, promotion, reduction, removal and reinstatement of police officers (except chiefs of police) and other employees of all police departments in cities and municipalities having a population of five thousand or more. The title to the act, Chapter 57, Acts of the Legislature, 1937, reads: "AN ACT to provide for the appointment and promotion of members of paid police departments in cities and municipalities; to provide for the creation and maintenance of a civil service commission for that purpose; to establish rules and procedure therefor; to regulate the manner in which demotions and discharge of employees of paid police departments shall be made, and the rights and limitations of said employees in that respect; to provide for other matters relating to the duties and powers of said civil service commission, defining its powers, limiting its authority, etc.; and providing penalties for the violation of the provisions of this act." And Section 20 of the act provides: "* * * It is understood and intended by this act to furnish a complete and exclusive system for the appointment, promotion, reduction, removal *599 and reinstatement of all officers, policemen or other employees of said police departments in all cities and municipalities of five thousand population or more, wherein the members of the police department are paid"; and definitely the Legislature provided in Section 1 of the act that "On and after the date this act takes effect no person except the chief of police shall be appointed, reinstated, promoted or discharged as a paid member of said department of any city or municipality in the state of West Virginia subject to the provisions hereof, in any manner or by any means other than those prescribed in this act."
Only a casual examination of Section 13, Chapter 57, Acts of the Legislature, 1937, and Code, 8-6-20, as amended and reenacted by Chapter 69, Acts of the Legislature, 1935, and Chapter 93, Acts of the Legislature, 1945, discloses that every paid member of a police or fire department, who has reached the age of fifty years, and who has been engaged in continuous service for twenty years or more in such department, has the right to retire voluntarily without medical examination or disability upon written application to the board of trustees of the pension fund for retirement from service in the department; and, by the same token, he cannot be compelled to retire "for economic reasons" or otherwise, unless he is sixty-five years of age, or physically or mentally unable to perform his duties. The remedial nature of the acts in question impels this Court to this conclusion, and the very fact that Section 20 of Code, 8-6, as amended, relating to the retirement of all paid members of police and fire departments of municipalities, subject to the act, requires compulsory retirement at the age of sixtyfive years, confirms this Court in this conclusion. So we are of opinion that petitioner at the time of the attempt to place him on a retirement basis was not "eligible" for retirement, and would be eligible only if he had filed a written application for retirement, as provided by statute.
This Court does not for an instant impugn the high motives of the respondent mayor and the members of the civil service commission of the city of Parkersburg in retiring petitioner: we simply say that the requirements of the statute have not been met so as to justify such retirement. If our holding were otherwise, there would be a loophole in the civil service act which would destroy its efficacy and take from the members of paid police and fire departments the security extended to them by the statute itself. We say this because if one subject to the police civil service act can be retired "for reasons of economy" and a compulsory retirement is sought on that basis, which is not justified by the economic condition of the municipality, a person sought to be unjustly retired is not in a situation to make expensive and detailed investigation of the financial condition of the municipality in order to controvert the finding that the department was being reduced in numbers "for reasons of economy". This Court has always been on guard against any inroads by judicial interpretation or otherwise, on the integrity and efficacy of the civil service statutes in this State; and so once again we are applying the spirit, as well as the letter of the statutes, in the appraisement thereof, and hold that the Circuit Court of Wood County made no error in granting the writ of mandamus compelling the respondents to reinstate the petitioner to his former position as lieutenant in the police department of the city of Parkersburg.
The order of the Circuit Court of Wood County in issuing the writ of mandamus prayed for is affirmed.
Ruling affirmed.
HAYMOND and LOVINS, JJ., dissent
HAYMOND, Judge (dissenting).
As I disagree with the conclusion reached by the majority of the Court I dissent from its decision in this proceeding.
The single issue in this case is not whether the petitioner was lawfully retired on pension but whether the petitioner, a former police officer of the defendant, the City of Parkersburg, who, being more than fifty years of age and having served continuously for more than twenty years, had been retired by the city for reasons of economy, under the first paragraph of Section 13, Chapter 57, Acts of the Legislature, 1937, Regular Session, is entitled to and may require *600 reinstatement to the position formerly held by him, under the second paragraph of Section 13, when the police department is increased to the same numerical strength which existed before its reduction for reasons of economy. The majority of the Court by creating and deciding a different issue and by reading Section 13, Chapter 57, Acts of the Legislature, 1937, Regular Session, and Section 20, Article 6, Chapter 8, Code, 1931, as amended and reenacted by Section 20, Article 6, Chapter 69, Acts of the Legislature, 1935, Regular Session, and Section 20, Article 6, Chapter 93, Acts of the Legislature, 1945, Regular Session, in pari materia, by changing the word "sufficient" to "insufficient" in the second paragraph of Section 13, and by proceeding to interpret those statutory provisions, reaches the wholly unwarranted conclusion that the petitioner, because he is not sixty five years of age or has not voluntarily applied in writing for retirement on pension, under Section 20, Article 6, Chapter 8, Code, 1931, as so amended, may, in a proceeding in mandamus, require the municipality and its civil service commission to reinstate him to his former position as a member of the police department of the municipality. In my judgment the holding of the majority is clearly erroneous in that it decides a question not raised by the pleadings, emasculates the plain provision of the first paragraph of Section 13, and defeats the purpose for which it was enacted.
The action of the majority in substituting the word "insufficient" for the word "sufficient", placed in the section by the Legislature, is not necessary in the decision of this case and, in my judgment, is wholly unwarranted. The second paragraph of the section deals with the suspension of policemen and does not apply to their retirement which is provided for by the first paragraph of the section. The petitioner was not suspended but was retired on pension under that paragraph, and in his petition he does not charge that he was suspended or challenge the validity of the action of the municipality in placing him on retirement. His sole complaint in this proceeding is that the defendants refuse to restore him to his former position as a member of the municipal police department. Though statutes which deal with the same subject should be read together, it is entirely unnecessary to do so as to Section 13, Chapter 57, Acts of the Legislature, 1937, Regular Session, and Section 20, Article 6, Chapter 8, Code, 1931, as amended, to decide the real question involved in this proceeding. But even if the foregoing statutory provisions should be read and considered together the provisions of the first paragraph and the second paragraph of Section 13, being clear and free from ambiguity, are not subject to judicial interpretation. By interpreting the provisions of the second paragraph of the section which, as already pointed out, are not open to judicial interpretation, and by substituting the word "insufficient" for the word "sufficient" the majority amends and rewrites that part of the section. If the statute is to be so amended or rewritten that function should be performed by the Legislature and not by the courts. 17 M.J., Statutes, Section 33.
It is significant that nowhere in Section 13, Chapter 57, Acts of the Legislature, 1937, Regular Session, or in Section 20, Article 6, Chapter 8, Code, 1931, as amended, is there any provision which applies to the reinstatement of a policeman who is eligible for retirement and who, for reasons of economy, has been retired on pension or permits him to be reinstated to his former position as a paid member of the police department of a municipality. The provisions of Section 13 which govern the matter of reinstatement relate to a policeman who has been suspended and not to a policeman who has been retired. By erroneously applying the statutory provisions which deal with a policeman who has been suspended, instead of retired, to the petitioner, who was retired and not suspended, the majority treats him as a member of a municipal police department who had been suspended instead of retired and actually decides a question which is not even presented by the pleadings in this proceeding.
As already pointed out, the provisions of the first paragraph of Section 13, quoted in the majority opinion, and which deal with a paid policeman eligible for retirement under *601 the terms of a pension fund act who, for reasons of economy, has been retired on pension, are clear and free from ambiguity, are not subject to judicial interpretation, and should not be interpreted but instead should be applied and enforced by the courts. When a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts. Douglass v. Koontz, W.Va., 71 S.E. 2d 319; State v. Epperly, 135 W.Va. 877, 65 S.E.2d 488; Hereford v. Meek, 132 W. Va. 373, 52 S.E.2d 740; State ex rel. Department of Unemployment Compensation v. Continental Casualty Company, 130 W. Va. 147, 42 S.E.2d 820; State ex rel. McLaughlin v. Morris, 128 W.Va. 456, 37 S.E. 2d 85; State v. Patachas, 96 W.Va. 203, 122 S.E. 545; Kelley & Moyers v. Bowman, 68 W.Va. 49, 69 S.E. 456. If a statute is free from ambiguity the duty of the court is not to construe but to apply the statute and, in so doing, the words of the statute should be given their ordinary acceptation and significance and the meaning commonly attributed to them. Douglass v. Koontz, W.Va., 71 S.E.2d 319; Wilson v. Hix, 136 W.Va. ___, 65 S.E.2d 717; State v. Epperly, 135 W.Va. 817, 65 S.E.2d 488; State ex rel. Department of Unemployment Compensation v. Continental Casualty Company, 130 W.Va. 147, 42 S.E.2d 820; Barnhart v. State Compensation Commissioner, 128 W. Va. 29, 35 S.E.2d 686; Miners in General Group v. Hix, 123 W.Va. 637, 17 S.E.2d 810; State v. Conley, 118 W.Va. 508, 190 S.E. 908; Pettry v. State Compensation Commissioner, 111 W.Va. 409, 163 S.E. 16; Blumberg v. Snyder, 90 W.Va. 145, 110 S.E. 544; 50 Am.Jur., Statutes, Section 238. In Lewis' Sutherland Statutory Construction, Second Edition, Vol. II, Section 367, the text uses this quotation from Swartz v. Siegel, 117 F. 13, 54 C.C.A. 399: "There is no safer or better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses."
As the provision of the first paragraph of Section 13, Chapter 57, Acts of the Legislature, 1937, Regular Session, is clear and unambiguous, it is not subject to judicial interpretation, and it should not have been interpreted by the Court. But even if the provision were ambiguous or uncertain, and, in consequence, subject to judicial interpretation, the interpretation placed upon it by the majority in considering it together with the provisions of the second paragraph of the section and the provisions of Section 20, Article 6, Chapter 8, Code, 1931, as amended, is entirely unjustified. By holding that under the provisions of Section 13, Chapter 57, Acts of the Legislature, 1937, Regular Session, and Section 20, Article 6, Chapter 8, Code, 1931, as amended, a paid member of a police or fire department, who has reached the age of fifty years and who has been engaged in continuous service for twenty years or more in such department can not be compelled to retire, for economic reasons or other reasons, unless he is sixty five years of age, or physically or mentally unable to perform his duties, the majority disregards the plain terms of the first paragraph of Section 13, renders it meaningless and ineffective and, in effect strikes it, in the form in which it was written and enacted, from the statute, in contravention of a fundamental rule of statutory construction. As so construed, a city may not for reasons of economy or other reasons, retire a paid member of its police department who is eligible for retirement on pension but is not sixty five years of age or physically or mentally unable to perform his duties, although the plain language of the provision imposes no such limitation and conveys no such meaning. Such construction prevents a municipality from retiring for reasons of economy a policeman, under sixty five years of age, eligible for retirement even though its financial condition requires a reduction in the number of its policemen unless he voluntarily requests retirement and renders the applicable provision of the statute meaningless and of no force or effect.
A cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of the statute. State v. Jackson, 120 W.Va. 521, 199 S.E. 876; Wilson v. Hix, 136 W.Va. ___, 65 S.E.2d 717; 60 S.E. 394; State ex rel. Watson v. Rodgers, 129 W.Va. 174, 39 S.E.2d 268; Long Flame Coal Company v. State Compensation Commissioner, *602 111 W.Va. 409, 163 S.E. 16; Vinson v. County Court of Wayne County, 94 W.Va. 591, 119 S.E. 808; State ex rel. Churchman v. Hall, 86 W.Va. 1, 102 S.E. 694; State ex rel. Herald v. Surber, 83 W. Va. 785, 99 S.E. 187; State v. Harden, 62 W.Va. 313, 58 S.E. 715, 60 S.E. 394; Building & Loan Association v. Sohn, 54 W.Va. 101, 46 S.E. 222. In 17 M.J., Statutes, Section 42, the text contains these statements: "In the interpretation of a statute, effect shall be given, if possible, to every section, clause, word or part of the statute. Under the usual and elementary rules of construction, the language of a statute must be construed so as to give that language some meaning where it is possible to do so, without doing violence to the clear intent and purpose of the enactment. It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and popular meaning, unless it plainly appears that they were used in some other sense. If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute. Every part of an act is presumed to be of some effect and is not to be treated as meaningless unless absolutely necessary. * * *. Courts are justified in rejecting any part of a statute as unnecessary and irrelevant only as the last resort when it has been found impossible to give effect to all the language used and reach a rational conclusion. * * *."
Though statutes which deal with the same subject should be read and considered together, such statutes, when clear and free from ambiguity, are not open to judicial interpretation. In 50 Am.Jur., Statutes, Section 348, the text is in these words: "Moreover, as in the case of all other rules of statutory construction, the necessity of applying the rule as to the construction of statutes in pari materia exists only where the terms of the statute to be construed are ambiguous, or its significance doubtful. Statutes in pari materia may not be resorted to to control the clear language of the statute under consideration." See also 59 C.J., Statutes, Paragraph 620(2) (a), page 1050, and Paragraph 619, d, (1), page 1041. In State v. Epperly, 135 W.Va. 877, 65 S.E.2d 488, this Court said in point 1 of the syllabus: "The rule that statutes which relate to the same subject should be read and construed together is a rule of statutory construction and does not apply to a statutory provision which is clear and unambiguous." The action of the majority in construing instead of applying the plain provision of the first paragraph of Section 13, and in placing on it a strained, distorted and unreasonable construction, is contrary to the holding of this Court in the Epperly case and completely disregards the well recognized principle, adhered to in many prior decisions, that plain provisions of an unambiguous statute will not be construed but will be applied and enforced by the courts.
The majority seeks to justify its action, in construing the first paragraph of the section in the manner indicated, on the ground that Section 20 of Chapter 57, Acts of the Legislature, 1937, Regular Session, declares that the act was intended to furnish a complete and exclusive system for appointment, promotion, reduction, removal and reinstatement of all officers, policemen or other employees of police departments whose members are paid in municipalities subject to the act, and that Section 1 of the act provides that no persons subject to it, except the chief of police, shall be appointed, reinstated, promoted, or discharged as a paid member of any municipal police department in any manner or by any means other than as prescribed by the act. If it be conceded, as it is, that the provisions of Sections 1 and 20 of the act mean what they say, those provisions do not justify or sustain the position of the majority, for the clear and simple reason that the petitioner was retired on pension for reasons of economy as expressly authorized and provided by the first paragraph of Section 13 of the act. In holding that the petitioner was not properly retired on pension because, not being sixty five years of age, he did not *603 in writing voluntarily request that he be so retired, the majority puts him in a different position from that in which he has placed himself for, as already pointed out, he states in his petition for the writ, as amended, that he was retired on pension for reasons of economy. His complaint is, not that he was so retired, but that, having been so retired, he should be reinstated to membership in the police department when it was restored to the same numerical strength possessed by it before it was reduced by his retirement. The effort of the majority in this respect is greater than that of the petitioner himself and goes beyond any claim which he asserts. It gives him a status different from the status which he himself assumes in this proceeding. Though he admits that he was retired and on that basis seeks relief by way of reinstatement to the position from which he was retired, the majority says that he was not, and could not be, so retired because, not being sixty five years of age or physically or mentally unable to perform his duties, he did not voluntarily request retirement.
Notwithstanding the plain provisions of the first paragraph of Section 13, Chapter 57, Acts of the Legislature, 1937, Regular Session which, if they mean anything, mean that a municipality, by its proper authorities, may retire, for reasons of economy, an eligible member of its police department, on pension without his consent, and despite the absence of any provision in that section or elsewhere which requires the consent of an eligible policeman to such retirement or permits the reinstatement of a policeman so retired, the majority, in denying the right of the municipality to retire such policeman for reasons of economy without his consent advances the argument that in any particular case compulsory retirement may not be justified by the economic condition of the municipality, and in such instance, the person so retired may be unable to make the necessary expensive investigation of the real financial situation to controvert a finding that the police department was reduced in number for reasons of economy and that in that way "a loophole in the civil service act" would be created "which would destroy its efficacy and take from the members of paid police and fire departments the security extended to them by the statute itself." This argument is obviously unsound and utterly unpersuasive. It means, in effect, that if a charge is made against a person involving a condition which he can not defend or controvert without difficulty or inconvenience, the charge, regardless of its justice, can not, as a matter of law, be made or prosecuted. This to me is a strange and heretofore unknown legal proposition and I can not subscribe to the theory of its existence or operation in any case.
Instead of affecting the security provided for policemen and firemen by the civil service statute, the exercise of the right conferred upon the authorities of a municipality by the first paragraph of Section 13 to retire an eligible policeman on pension without his consent for reasons of economy merely prevents, as the Legislature clearly intended it to do, the intolerable situation in which a municipality is required to keep and retain in its police department members in excess of the number which, because of its financial condition at any particular time, it can reasonably afford to continue in its employment. By denying a municipality the right to exercise that authority without the consent of the policeman which it seeks to retire for reasons of economy, the majority places a limit on its exercise not imposed by the statute and obviously not intended by the Legislature, subordinates the economic interest of the municipality to the interest of its employee, and defeats the purpose for which the first paragraph of Section 13 was enacted. I am unwilling to sanction or approve the accomplishment of that result by any process of judicial interpretation of an unambiguous legislative enactment.
As the statutory provision construed by the majority, being clear and free from ambiguity, is not open to judicial interpretation, as the issue decided relating to the "eligibility" of the petitioner for retirement *604 is not presented by the pleadings, and as the construction adopted by the majority is entirely unnecessary and wholly unjustified, defeats the purpose for which the first paragraph of Section 13, Chapter 57, Acts of the Legislature, 1937, Regular Session, was enacted and, in effect, eliminates that provision as written from the act, I would reverse the judgment of the Circuit Court, refuse the writ, and dismiss this proceeding at the cost of the petitioner.
I am authorized to state that Judge LEVINS concurs in the views expressed in this dissent.