MILDRED SHIVE MILLER *v.* HONORABLE IRA P. BAER, *Judge, etc.*

(No. 7702)

Submitted January 10, 1934. Decided January 23, 1934.

*George S. Wallace,* for relator.

WOODS, PRESIDENT:

Mildred Shive Miller, who, on May 29, 1931, was granted a divorce *a mensa et thoro* and alimony at the rate of $150.00 per month, seeks, by mandamus, to compel the judge of the domestic relations court of Cabell county to enforce, by process of contempt, its decree of August 26, 1933, awarding the relator herein $150.00 attorney's fees and $50.00 suit money, in the matter of the husband's petition for a reduction in the amount of alimony, and his subsequent appeal to this Court, from a decree of the circuit court of Cabell county, affirming the action of the domestic relations court in refusing the relief prayed for and dismissing his petition. No appearance was made on behalf of respondents.

May a court in a divorce proceeding enforce a decree for counsel fees and suit money, by process of contempt? Or will the wife be required to rely solely upon execution, which latter method, according to the petition, has proved unavailing?

It has been the practice of courts of this state to embrace counsel fees in the wife's allowance for temporary alimony, in order that she may be furnished with the means with which to carry on or defend the suit in the trial court and on appeal should one be taken. But the entire amount need not be fixed at the beginning of the action, as allowances may be made from time to time as the exigencies of the case shall seem to demand. Code 1931, 48-2-13. And the court, upon a decree granting a divorce from either the bonds of matrimony or from bed and board, is authorized to make such further decree as it shall deem expedient, concerning the maintenance of the wife, with the express right to alter or revise such decree and make a new decree concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice. Code 1931, 48-2-15.

Alimony is an allowance made to the wife out of the husband's estate or income upon decree of separation, springing from the obligation of the husband, incident to the marriage relation, to maintain and support the wife according to his means and social position. *Burdette* v. *Burdette*, 109 W. Va. 95, 153 S. E. 150. By the great weight of authority, it is not considered a debt within the meaning of the statutes and constitutions which prohibit imprisonment for debt. 19 C. J. 301, and cases cited. Nor is it a money decree within the

meaning of Code 1931, 38-3-1 & 2, which denies courts of equity jurisdiction and power to enforce decrees for the payment of money, by process of contempt. *Smith* v. *Smith*, 81 W. Va. 761, 95 S. E. 199. As held in the last-mentioned case, alimony "is a decree not merely for the payment of money, but for the payment of money in the discharge of the high marital duty of maintenance." Such decisions are based on the premise that the best interests of society require that decrees of this nature should have all the power that courts can give for their enforcement.

But is the rule regarding alimony applicable to an award for counsel fees and suit money? It is quite evident that counsel fees and court costs in causes other than divorce proceedings may not be so enforced. *Rickard* v. *Schley*, 27 W. Va. 617, 626.

Without a preliminary award to the wife for the purpose of carrying on or defending suit she would be unable to develop properly her side of the cause. Such items are therefore essential to a proper award of alimony upon the granting of a divorce. They are bound up in the preliminary award. Why retain the right to enforce a decree for alimony, if the wife, in the first instance, be denied the right to so enforce the advancement of counsel fees and suit costs? Such fees are incidental to and part of the alimony decreed to be paid the wife. At the time of the divorce the wife was awarded $150.00 per month for alimony, or maintenance. It did not contemplate further litigation. Now the husband seeks to have the award decreased. The wife, to protect her interests, must have funds with which to employ counsel and pay court costs. Not to provide her with such funds might possibly defeat her right to alimony. If essential to the obtaining of alimony—it is just as necessary to protect such right, once it is acquired. It is in fact a part of the maintenance, and, therefore, enforceable by process of contempt.

In view of the allegations set up in relator's petition, we are of opinion to award the writ.

*Writ awarded.*