STATE *ex rel.* DEWEY E. WILLIAMS

*v.*

THE BOARD OF TRUSTEES OF THE POLICEMEN'S PENSION OR RELIEF FUND OF THE CITY OF CHARLESTON, *et al.*

(No. 12239)

Submitted June 4, 1963.            Decided July 2, 1963.

*Kay, Casto & Chaney, John E. Davis,* for relator.

*E. Franklin Pauley,* for respondents.

HAYMOND, JUDGE:

In this original mandamus proceeding instituted in this Court on May 20, 1963, the petitioner, Dewey E. Williams, seeks a writ to require the defendants, The Board of Trustees of the Policemen's Pension or Relief Fund of the City of Charleston, West Virginia, a corporation, J. F. Gullian, E. D. Smith, J. O. Humphreys, members of the board, G. C. Wiseman, member and secretary of the board, and John A. Shanklin, member and chairman of the board and Mayor of the City of Charleston, to grant him the pension for which he has applied but which the board has refused to grant him and to cause such pension to be paid to him, as provided by law.

Upon the application of the petitioner this Court granted a rule, returnable June 4, 1963, at which time the defendants filed their joint and separate answer to the petition; and upon the foregoing pleadings and the exhibits filed with them, the transcript of the testimony adduced and the proceedings had before the board on May 3, 1963, and the written briefs and the oral arguments of the attorneys for the respective parties, this proceeding was submitted for decision.

As a defense to the claim of the petitioner the defendants contend that mandamus is not the proper remedy for the relief sought by the petitioner; that Section 11, Article 5A, Chapter 8, Code, 1931, as amended, to the extent that it purports to be retroactive in its effect, is unconstitutional; and that the petitioner has not complied with the requirements of Articles 5A and 6 of Chapter 8 of the Code, 1931, as amended.

The material facts are not disputed and the question presented for decision is a question of law.

The petitioner was appointed a member of the police department of the City of Charleston on July 15, 1936. He was promoted to the grade of sergeant January 10, 1942; to the rank of lieutenant September 1, 1945; and to the rank of captain July 1, 1949. While he held the rank of captain he was designated acting chief of police and held that position from April 11, 1953 until July 15, 1956, when he was assigned to the police training bureau of the department where he served until July 25, 1957. From that date until September 1, 1958, he was superintendent of police schools and administrative assistant to the chief of police and from September 1, 1958 until May 1, 1963 he served in the detective bureau as chief of detectives. From July 15, 1936, when he became a member of the department, until May 1, 1963, a period of twenty six years, eight months and fifteen days, he served as a member of the department in the various positions as indicated. During that time he was acting chief of police of the department from April 11, 1953 to July 15, 1956, for a period of three years, three months and four days. Throughout the entire period of his service he paid each month into the policemen's pension fund the amount which he was required to pay as a member of the police department and, according to his record, his payments aggregate the sum of $2,197.71 and were made by the monthly deduction from his salary of the proper amounts of such payments.

The petitioner reached the retirement age of sixty five years on May 4, 1963 and, previously, by letter dated May 3, 1963, he made application to The Board of Trustees of the Policemen's Pension or Relief fund for the payment of the

pension to which he claims to be entitled. By letter dated March 15, 1963, the secretary of The Board of Trustees of the Policemen's Pension or Relief Fund informed the Mayor of the City of Charleston that the petitioner would be sixty five years of age on May 4, 1963 and that the board was required to take action in connection with his retirement status. In response to this letter the mayor, as chairman of the board, called a meeting of the board to be held April 4, 1963, for the purpose of considering the retirement of the petitioner. At that meeting, which the petitioner, though present with his attorney, was not permitted to attend, the board, one member being absent, initially refused to grant and authorize the payment of a pension to the petitioner. After informing him of the action of the board and after some discussion with the petitioner and his attorney, the board rescinded its action and agreed to hold a public hearing to consider the application of the petitioner. This hearing was held on May 3, 1963, and was attended by all the members of the board and its attorney and the petitioner and his attorney. Testimony of the petitioner and the present chief of police of Charleston and exhibits filed with such testimony were introduced and a transcript of the proceedings was made and certified by a court reporter.

After considering the evidence adduced at the hearing and the arguments of the attorneys, the board, contrary to the opinion of its attorney, by a four to one vote, its chairman, the mayor, having voted to grant, refused to grant and authorize the payment of a pension to the petitioner. After the denial of his application by the board the petitioner instituted this proceeding on May 20, 1963.

There is no merit to the contention of the defendants that mandamus is not the proper remedy to obtain the relief sought by the petitioner in this proceeding.

If, under the applicable statute, the petitioner is entitled to a pension, the defendant, The Board of Trustees of the Policemen's Pension or Relief Fund of the City of Charleston, is subject to the nondiscretionary duty to grant such pension and to cause it to be paid from the policemen's pension or relief fund. This Court has held in many cases that

a writ of mandamus will issue to require the discharge by a public official of a nondiscretionary duty. *The W. E. Long Co.-Independent Bakers' Cooperative* v. *Burdett,* 147 W. Va. 177, 126 S. E. 2d 181. See also the many cases cited in the opinion in that case.

The applicable provisions of the statute, which relate to and are dispositive of the claim of the petitioner to the pension which he seeks, are Sections 10, 14, 15, 17 and 20, Article 6, Chapter 8, Code, 1931, as amended.

Section 10 requires that in any municipal corporation in this State having a fire department or a police department, supported in whole or in part at public expense, the governing body shall, by ordinance, provide for the establishment and maintenance of a firemen's pension or relief fund and a policemen's pension or relief fund and shall create boards of trustees which shall administer and distribute the funds authorized by the statute.

Section 14 declares, in part, that in addition to all other sums provided for pensions it shall be the duty of every municipal corporation to assess and collect from each member of the fire department and police department each month the sum of four per cent of the actual salary or compensation of such member and that the amount so collected shall become a regular part of the firemen's pension or relief fund if collected from a fireman and of the policemen's pension or relief fund if collected from a policeman.

Section 15 provides, in part, that the treasurer of every municipality shall be the custodian of all such funds and shall deposit and pay out such funds upon and in accordance with any proper order of the board of trustees.

Section 17 directs the board of trustees of the firemen's and policemen's pension or relief funds to make rules and regulations for the distribution of such funds according to the qualifications of those to whom any portion of such funds shall be paid and the amount to be paid.

Section 20 contains these provisions: "Any member of a municipal fire department or police department who is en-

titled to benefits of said fund, and who has been in the service of such department for twenty years, and upon reaching the age of fifty years, may upon written application to the board of trustees, be retired from all service from such department without medical examination or disability; and on such retirement the board of trustees shall authorize the payment of an annual pension, payable in twelve monthly installments for each year of the remainder of his life, in an amount equal to fifty per cent of such member's average annual salary or compensation received during the five fiscal years in which such member received his highest compensation while a member of the department, or an amount of one hundred fifty dollars per month, whichever shall be greater; and any member of such department who is entitled to benefits of said fund and who has been in the service of such department for more than twenty years at the time of his retirement, as herein provided, shall in addition to the aforesaid pension authorized to be paid upon retirement after twenty years of service and reaching the age of fifty years, receive an additional sum per month during the remainder of his life, equal to one per cent of such average monthly salary for each year of the first five additional years served with the department in excess of the said twenty years: * * * .

"Any member of a municipal fire or police department, upon reaching the age of sixty-five years shall be retired in the manner herein provided: Each member of the fire and police department shall, at the request of the board of trustees, furnish said board of trustees with a birth certificate or other satisfactory proof of his date of birth, at the time of his appointment to the fire or police department. When a member of the fire or police department shall have reached the age of sixty-five years, the said board of trustees shall notify the mayor or other chief executive officer of the municipal corporation, within thirty days of such member's sixty-fifth birthday; and the mayor or other chief executive officer shall cause such sixty-five year old member of the fire or police department to be retired within a period of not more than thirty additional days. It shall be the duty of each member of the fire or police department who are mem-

bers at the time this article becomes effective to furnish the said necessary proof of his date of birth to the said board of trustees within a reasonable length of time, said length of time to be determined by the said board of trustees; and then the board of trustees and the mayor or other chief executive officer of the municipal corporation shall proceed to act in the manner herein provided, and shall cause all members of the fire or police department who are over the age of sixty-five years to be retired in not less than sixty days from the date this article becomes effective. The amount of pension such members shall receive shall depend upon their length of service as herein provided. Such member need not have served twenty years to be eligible to receive the pension hereinabove prescribed."

It clearly appears from the record in this proceeding that the petitioner has complied with all the requirements of the applicable statute and that he is entitled to be retired as a sixty five year old member of the police department of the City of Charleston. There is no provision in the policemen's pension or relief fund statute to the effect that a policeman who holds the position of chief of police or acting chief of police is not a member of the police department while occupying that status or that his status as chief of police or acting chief of police in any wise terminates, interrupts or suspends his membership or deprives him of his status as a member of such department. It is clearly established that the petitioner became sixty five years of age on May 4, 1963; that the date of his birth was May 4, 1898; that he has served continuously as a member of the police department of the City of Charleston from the 15th day of July, 1936 until May 1, 1963; and that he has paid by monthly deduction from his salary the amounts required to be paid by him to the policemen's pension or relief fund. His service as acting chief of police for a period of three years, three months and four days did not alter his status as a policeman or a member of the police department. Numerous authorities declare that a chief of police is a policemen. 62 C.J.S., Municipal Corporations, Section 565f; 2 Yokley, Municipal Corporations, Sections 360, 361; *Burke* v. *The State,* 76 Ga. App. 612, 47 S. E. 2d 116; *State ex rel. Bailey* v. *Edwards,* 40 Mont. 313,

106 P. 703; *Howard* v. *Mueller,* 252 Ill. App. 10; *State ex rel. Hosford* v. *Kennedy,* 69 Conn. 220, 37 A. 503. As a member of the police department for a continuous period of more than twenty six years, who has reached the retirement age of sixty five years and who has complied with all the applicable statutory requirements, the petitioner is entitled to a pension, as provided by the statute; his right to such pension or his status as a member of the police department is not affected, impaired or altered by his tenure of the position of chief of police or acting chief of police during a portion of his service as a member of such police department; and it is the nondiscretionary duty of the board of trustees of the policemen's pension or relief fund to grant and authorize the payment of a pension to the petitioner and mandamus lies to require the performance of such duty by the defendant, The Board of Trustees of the Policemen's Pension or Relief Fund of the City of Charleston.

The defendants refer to the provisions of Section 11, Article 5A, Chapter 8, Code, 1931, as amended by Chapter 119, Acts of the Legislature, 1959, Regular Session, and challenge the constitutionality of the retroactive provision that the section, which relates to vacancies in positions in a municipal police department and how they shall be filled, shall be construed to apply to and inure to the benefit of all persons who have ever been subject to the provisions of that article of the civil service statute. That statute, an underlying purpose of which, as stated in *Dougherty* v. *City of Parkersburg,* 138 W. Va. 1, 76 S. E. 2d 594, is to give security to members of paid police departments of municipalities having a population of five thousand or more persons against the vicissitues which, in the absence of protective statutes, always attend political municipal elections, does not control the decision in this proceeding which instead is controlled by the policemen's pension or relief statute, Chapter 8, Article 6, Code, 1931, as amended, the main purpose of which is to benefit the members of a police department. The provisions of Section 11, Article 5A, Chapter 8, Code, 1931, as amended, merely clarify the status of a chief of police and indicate that the Legislature intended that the occupant of

that office is a member of the police department and support the conclusion of this Court to that effect. Though a retroactive statute which undertakes to impair the obligation of a contract or disturbs vested rights but which does not involve the exercise of the police power may be held to be unconstitutional, *Lester* v. *State Compensation Commissioner*, 123 W. Va. 516, 16 S. E. 2d 920; *Hardin* v. *Workmen's Compensation Appeal Board*, 118 W. Va. 198, 189 S. E. 670, a retroactive statute which does not impair the obligation of a contract or disturb a vested right is constitutional and valid. *Taylor* v. *State Compensation Commissioner*, 140 W. Va. 572, 86 S. E. 2d 114; *Consentina* v. *State Compensation Commissioner*, 127 W. Va. 67, 31 S. E. 2d 499; *Greer* v. *Workmen's Compensation Commissioner*, 123 W. Va. 270, 15 S. E. 2d 175. See also *Sturm* v. *Seamonds*, 122 W. Va. 338, 9 S. E. 2d 227. The challenged provision of Section 11, Article 5A, Chapter 8, Code, 1931, as amended, though retroactive in operation and effect, does not impair the obligation of a contract or disturb any vested right or create any new rights with respect to any person affected by its terms and does not violate any provision of the Constitution of this State or of the United States.

The writ of mandamus, as prayed for by the petitioner, is awarded.

*Writ awarded.*