STATE ex rel. YAHN ELECTRIC COMPANY, INCORPORATED, A WEST VIRGINIA CORPORATION

*v.*

H. K. BAER, *Secretary,* WEST VIRGINIA BOARD OF EDUCATION AND THE WEST VIRGINIA BOARD OF EDUCATION

(No. 12316)

Submitted March 24, 1964.          Decided April 14, 1964.

528

*Robert A. Yahn,* for relator.

*C. Donald Robertson,* Attorney General, *Thomas B. Yost,* Assistant Attorney General, for respondents.

BERRY, JUDGE:

This proceeding in mandamus was instituted under the original jurisdiction of this Court by the Yahn Electric Company, Incorporated, a West Virginia Corporation of Wheeling, West Virginia, against H. K. Baer, Secretary of the West Virginia Board of Education and against the West Virginia Board of Education, on March 10, 1964, to compel the respondents to consider a bid for the electrical installation on the Faculty Housing Facilities Project at West Liberty State College, West Liberty, West Virginia, which was submitted by the petitioner in response to an advertisement for bids published in the Wheeling newspapers. The advertisement soliciting bids stated that separate sealed bids for the electrical installation for faculty housing at West Liberty State College would be received by the West Virginia Board of Education at the office of the Board, Room W-403, Capitol Building, Charleston, West Virginia, until 2 o'clock p.m., eastern standard time, February 13, 1964, with the right reserved to waive any informality, and to reject any or all bids, and, further; that no bidder could withdraw said bid within forty-five days after the actual date of the opening thereof.

The petitioner sent its bid from Wheeling, West Virginia, addressed to the West Virginia Board of Education,

Room W-403, Capitol Building, Charleston, West Virginia, by registered mail on February 12, 1964. The registered letter containing the bid was delivered by the United States Post Office Department to the central mailing room in the capitol building at Charleston at approximately 9 o'clock a.m., February 13, 1964. The receipt for the registered letter in question was signed on behalf of the State Board of Education by Bill Dustin, as its agent, at that time, Dustin being an employee of the Department of Finance and Administration in the mail room and it having been the practice for at least twenty-six years to handle such mail in such manner. The employee of the State Board of Education, whose duty it was to pick up the registered mail from the central mailing room and take it to the Board of Education offices, did not deliver the registered letter until over five hours after it had been received and signed for in the central mailing office. This letter was delivered to the Board of Education by its messenger at about 2:40 o'clock p.m., on February 13, 1964, at which time the respondent, H. K. Baer, refused to open the letter, assuming that it was a bid on the proposed construction at West Liberty. This letter was returned to the petitioner. However, the outside envelope was addressed to the West Virginia Board of Education and contained a sealed envelope designated as "Bid for Faculty Housing Facilities West Liberty State College", in accordance with the requirements of the specifications relating thereto, with a bid in the amount of $29,215.00 and a certified check in the amount of $1600.00 enclosed therein, all of which was ascertained in this Court when the letter in question, filed with the petition as petitioner's Exhibit A, was opened under the direction of the Court.

It is the contention of the respondents that the petitioner's bid was not timely received and therefore could not be considered; and, that the state employee in the mail room who signed the receipt for the registered letter at 9 o'clock a.m. on February 13, 1964, in accordance with a custom which had been followed for over twenty-six years, was not their agent. However, no explanation is

given as to the reason for the failure of the messenger, an employee of the respondents, to deliver the registered letter until over five hours had elapsed after it had been received at the mail room in the state capitol.

It is the contention of the petitioner that the employee in the mail office in the state capitol was an agent for the State Board of Education to receive such mail and that when this employee signed the receipt for the registered letter at 9 o'clock on February 13, 1964, it was timely received and should have been opened and considered by the respondents.

The method used for the handling of mail at the state capitol was provided by Chapter 85, Acts of the Legislature, Second Extraordinary Session 1933. This provision established a central mailing office designated as "mail office", in the capitol building, for the handling of mail of state agencies in a prompt and efficient manner, placing such office under the direction of the governor with the authority given to appoint a mail clerk, with the consent of the Senate, and to appoint other employees to handle such mail. Chapter 52, Acts of the Legislature, Regular Session, 1957, created a Department of Finance and Administration and established the office of Commissioner of such Department and transferred the control of the central mailing office in the capitol building to the general services division of the Department in lieu of the governor. This Act was amended in 1961 in minor particulars and is now designated in the Code of West Virginia as Chapter 5A, Article 4, Sections 2, 3, 4 and 5. By the 1961 Act the "mailing office" is under the control of the Director of General Services Division, Department of Finance and Administration, although the employees of such office are appointed by the Commissioner of Finance and Administration.

Under the provisions of Code, 5A-4-4, as amended, the mail clerk has general charge and supervision of the mail office and is required to keep the mail office open to receive early mail and to serve the state departments.

Regardless of the laws made and provided for the handling of the mail at the state capitol, the fact that the mail

office under various officials had been handling mail for the departments of the state government and signing receipts for registered letters for a period of twenty-six years as agents for the various departments created a situation of which the respondents knew, or should have known; and the fact that the Board of Education had received registered mail in this manner for over a period of years put the respondent Baer on notice that someone was signing the registered mail as agent for the West Virginia Board of Education. *Cain* v. *Cox,* 23 W. Va. 594; *Fisher* v. *Lee,* 98 Va. 159, 35 S. E. 441; and he therefore acquiesced in the manner of the signing as agent for the Board of Education for registered letters and is bound thereby. *Oberman, Trustee* v. *Red Rock Fuel Co. et al.,* 83 W. Va. 531, 99 S. E. 66. It was held in the *Oberman* case that the officers of a corporation who knowingly accept the benefits of services of one who assumes to act as its agent are presumed to have employed the one assuming to act for it as its agent, and the corporation is bound by his acts, performed within the legitimate scope of his implied authority.

Even if the employee in the mail office did not have the authority to sign as agent for the Board of Education, which is clearly not shown in the case at bar, it can be inferred by the failure of the respondents to repudiate such signing of registered letters as agent for the Board of Education that they approved or affirmed such action as agent of the Board. Restatement of the Law, Agency 2d, §94.

While agency is usually created by express contract between the parties, it may be implied from the conduct of the parties and the nature and circumstances of the particular acts done. 1 M.J., Agency, §12; *Cassiday Fork Boom and Lumber Co.* v. *Terry, Trustee,* 69 W. Va. 572, 73 S. E. 278.

It is a general rule that notice to the agent while acting within the scope of his authority is notice to his principal. 1 M.J., Agency, §92; *Morgan-Gardner Electric Co.* v. *Beelick Knob Coal Co.,* 91 W. Va. 347, 112 S. E. 587. There

is a presumption that registered mail was delivered and that the person who signed the receipt for such mail had the authority to do so. Such presumption may be strengthened, weakened, or overcome by proof of attendant pertinent circumstances. 31A, C.J.S., Evidence, §136.

The question involved in the case at bar is discussed in Williston on Contracts, Third Edition, §89, wherein it is stated: " * * * if a letter comes into the possession of the person addressed or of one authorized to receive it for him, or in a place which he has designated as the place for this or similar communications to be deposited for him, the letter has reached its destination and is as effectual though unread as if it were read." It will therefore be seen that inasmuch as the respondent Baer knew, or should have known, as a representative of the Board, the registered mail was being received in a place designated over a period of years for such mail, and had made no complaint or objection thereto, which perhaps would have had little bearing on the instant case, except that the absence thereof strengthened the presumption of the receipt of such mail, then the letter was received by the respondents when delivered and signed for by the employee in the mail room.

The stipulated facts in the case presented here indicate that registered mail had been customarily obtained from the mail office by a messenger employed by the Board of Education. Inasmuch as the respondents knew that bids on the electrical work to be done at West Liberty State College would be sent to them at the state capitol building and should be obtained or received by 2 o'clock p.m. on February 13, 1964, it would seem that they had a duty to be more diligent; and if they were interested in obtaining all bids by that time, they should have sent the messenger to the mail office so as to ascertain whether or not bids had been delivered by the post office department at the mail room, the usual place of delivery. By not doing so, the respondents cannot now rely on the dilitory action on the part of the messenger of the Board in not obtaining the registered letter from the mail office until five hours after it had been delivered. Their refusal to

open and consider the bid because the messenger did not bring it to the respondents until after 2 o'clock p.m. cannot be justified under the facts here stipulated.

In the case of *Central Paper Co.* v. *Commissioner of Internal Revenue* (CA6) 199 F. 2d 902, it was held that a petition which was timely mailed and then delivered by the post office department to a place beside the lock box of the Tax Court of the United States became delivered at the time said petition was so placed. The delivery was presumed to be within the time required because of the timely mailing and the absence of evidence of any delay in dispatch, even though the rules or regulations of the Tax Court required the petition to be filed in the office of the Clerk within the 90 days period provided therefor. The lock box was too small to hold big items, and the custom had been to place them on a ledge next to the box for pickup by Tax Court employees.

We therefore hold that under the facts and circumstances presented in the instant case the employee in the mail office of the capitol building was the agent of the Board of Education to sign receipts for registered letters, and when the post office delivered to the mail office the registered letter containing the bid for the electrical work to be done at West Liberty State College and received a receipt therefor, said bid was delivered to said Board of Education within the required time for filing of such bid as contained in the advertisement for bids, and it was the duty of the respondents to consider the petitioner's bid because such consideration was merely a ministerial act and mandamus will lie to compel the respondents to do so. *Glover* v. *Sims,* 121 W. Va. 407, 3 S. E. 2d 612; *State ex rel. Schenerlein* v. *City of Wheeling,* 144 W. Va. 434, 108 S. E. 2d 788; *The W. E. Long Co. Independent Bakers' Co-op* v. *Burdett,* 146 W. Va. 177, 126 S. E. 2d 181; *State ex rel. Williams* v. *Board of Trustees,* 147 W. Va. 795, 131 S. E. 2d 612.

A writ of mandamus is the proper remedy to require the performance of a nondiscretionary duty on the part of a governmental agency or body. *The W. E. Long Co.*

*Independent Bakers' Co-op.* v. *Burdett, supra; State ex-rel. Williams* v. *Board of Trustees, supra.*

For the reasons stated herein, the writ prayed for is granted.

*Writ granted.*