STATE *ex rel.* THEODORE MILTON JUDY

*v.*

MARVIN R. KIGER, *Judge* OF THE CIRCUIT COURT
OF MONONGALIA COUNTY, *etc.*

(No. 12899)

Submitted January 28, 1970.      Decided March 3, 1970.

*John R. Goodwin,* for relator.

*Thomas C. Cady,* for respondent.

HAYMOND, JUDGE:

In this original proceeding in mandamus the petitioner, Theodore Milton Judy, a citizen, voter and taxpayer of the City of Morgantown, in Monongalia County, West Virginia, seeks a writ to require the defendant, Honorable Marvin R. Kiger, Judge of the Circuit Court of Monongalia County, West Virginia, to comply with the original judgment of the Circuit Court of Monongalia County, West Virginia, rendered September 20, 1968, in a proceeding in mandamus then pending in that court, which directed the County Court of Monongalia County to redistrict the magisterial districts of that county as provided by law with all deliberate speed until accomplished in order to comply with the Constitution of this State.

Upon the petition and its exhibits this Court, on December 1, 1969, issued a rule returnable before this Court January 14, 1970. By agreement of counsel for the respective parties and by leave of this Court, this proceeding was continued until January 27, 1970, when it was submitted for decision upon the petition and its exhibits, the demurrer of the defendant to the petition, the answer of the defendant, the demurrer of the petitioner to the answer, and the briefs and the oral arguments of the attorneys representing the respective parties.

The material facts are undisputed and the questions for decision are questions of law.

On September 20, 1968, in a mandamus proceeding then pending in the Circuit Court of Monongalia County, in which the petitioner Judy was relator and the County Court of Monongalia County, West Virginia, and Robert B. Nestor, Melvin Rexroad and The Rev. Hugh Boone, members of the county court, were respondents, acting by its then judge, Honorable Don J. Eddy, who has since been succeeded by the defendant as Judge of the Circuit Court of Monongalia County, entered a judgment, to which none of the parties objected, which contained this provision: "It appearing proper for the Court so to do, it is ORDERED that the writ prayed for is hereby granted and that the County Court of Monongalia County, West Virginia, their successors in office, proceed to redistrict the Magisterial Districts of Monongalia County, West Virginia, as provided by law, with all deliberate speed until the same is accomplished to comply with the requirements of the West Virginia Constitution."

The foregoing order was not complied with by the county court and upon a petition by Theodore Milton Judy against the County Court of Monongalia County, West Virginia, and its then commissioners, John P. Ball, Melvin Rexroad and Joseph Kun, after sufficient notice and over the objection of Judy, the circuit court, on September 16, 1969, entered a judgment which contained this provision: "It appearing proper for the Court so to do, said County Court

shall proceed with redistricting of the magisterial districts of Monongalia County as previously ordered by this Court but may wait until the results of the 1970 Census are obtained. After this information is available, they shall complete redistricting immediately."

According to the undenied allegations of the petition, the petitioner moved the circuit court to reconsider its previous ruling of September 16, 1969, and although the court was advised that the 1970 figures will not become available until 1973 and possibly 1974, the circuit court entered an order which reaffirmed its judgment of September 16, 1969.

Monongalia County consists of seven magisterial districts and the total population of the county, according to the 1960 census, is 55,617 and the total acreage of the county is 236,042, or 386.82 square miles. These districts and their areas and population are: Battelle District 36,096 acres, 1302 population; Cass District 22,214 acres, 4087 population; Clay District 40,633 acres, 3004 population; Clinton District 43,065 acres, 2998 population; Grant District 29,830 acres, 9964 population; Morgan District, in which is located the City of Morgantown and in which the petitioner resides, 25,523 acres, 30,443 population; and Union District 38,681 acres, 3819 population.

From the foregoing it is evident and undisputed that the districts are plainly and considerably unequal both in territory and population, contrary to the provisions of Article VIII, Section 27, of the Constitution of this State which provides that "Each county shall be laid off into districts, not less than three nor more than ten in number, and as nearly equal as may be in territory and population."

It is undisputed that the county court, though authorized by Section 2, Article 2, Chapter 7, Code, 1931, from time to time to increase or diminish the number of such districts, and change the boundary lines thereof as necessity may require, in order to conform to the same provisions of the Constitution of this State, has failed and

refused to comply with the original judgment of the Circuit Court of Monongalia County of September 20, 1968, to proceed to redistrict the magisterial districts of the county with all deliberate speed until such magisterial districts are redistricted.

The petitioner contends that it is the mandatory duty of the Circuit Court of Monongalia County, acting by and through the defendant, its present judge, to require compliance by the county court and its commissioners with the judgment rendered September 20, 1968; that the circuit court was without jurisdiction to modify that order by its subsequent order of September 16, 1969; and that the duty to require compliance with the judgment of September 20, 1968, is ministerial or nondiscretionary in character and may be enforced by mandamus.

On the contrary the defendant contends that the enforcement of the judgment of September 20, 1968 is discretionary and that its discretion can not be controlled by mandamus.

Though it was within the sound discretion of the circuit court to enter or to refuse to enter its judgment of September 20, 1968, and such discretion is, of course, not controllable by mandamus, after the entry of that judgment, which was not modified during the term at which it was entered or appealed within the appellate period, it was the duty of the circuit court, at the instance of citizens, voters and taxpayers of the county, to require the enforcement of that judgment and such duty is not discretionary but is ministerial or nondiscretionary in character and may be enforced in a mandamus proceeding.

In Merrill on Mandamus, Section 186, the text contains these statements: "The writ of *mandamus* has been used most extensively to control and correct the action of inferior courts. It is used not only to restrain their excesses, but also to quicken their negligence and obviate their denial of justice. When a duty is imposed by law upon a court, a *mandamus* from a higher court is the proper means

to compel the discharge of such duty. When such duty is so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of its performance, such duty is ministerial, and a writ of *mandamus* to compel the performance of such duty will specify the exact mode of performance."

This Court has held in numerous cases that mandamus lies to require the discharge by public officers of a non-discretionary duty. *State ex rel. Greenbrier County Airport Authority* v. *Hanna,* 151 W. Va. 479, 153 S. E.2d 284; *State ex rel. Island Creek Coal Company* v. *Hanley,* 149 W. Va. 107, 138 S. E.2d 848; *State ex rel. Yahn Electric Company, Incorporated* v. *Baer,* 148 W. Va. 527, 135 S. E.2d 687; *State ex rel. Wheeling Downs Racing Association* v. *Perry,* 148 W. Va. 68, 132 S. E.2d 922; *State ex rel. Williams* v. *The Board of Trustees of the Policemen's Pension or Relief Fund of the City of Charleston,* 147 W. Va. 795, 131 S. E.2d 612; *The W. E. Long Co.-Independent Bakers' Cooperative* v. *Burdett,* 147 W. Va. 177, 126 S. E.2d 181, and the many cases cited in the opinion in that case.

In the recent case of *State ex rel. Sangster* v. *Sencindiver,* 153 W. Va. 548, 170 S. E.2d 673, this Court held that it was the mandatory duty of the judge of a circuit court to dismiss certain parties, as required by Section 34, Article 4, Chapter 56, Code, 1931, as amended, on the ground of misjoinder and that mandamus lies to compel the performance of such duty. It is clear that in that case the duty of the circuit court to dismiss the parties from the case was a ministerial or nondiscretionary duty. In *Barnes* v. *Warth,* 124 W. Va. 773, 22 S. E.2d 547, this Court awarded a writ of mandamus which required the judge of the Common Pleas Court of Cabell County to vacate and set aside an order previously entered by him which permitted a defendant to file an answer in a suit after the expiration of 15 days from the date of an order which overruled a demurrer to an amended bill of complaint. In *Biggs* v. *Moats,* 117 W. Va. 14, 183 S. E. 603, this Court held in point 2 of the syllabus that the Supreme Court of Appeals may by mandamus require a trial chan-

cellor to enforce a decree entered by him awarding suit money to a woman to enable her to prosecute an appeal from an adverse decree in a divorce suit. In *Miller* v. *Baer,* 114 W. Va. 566, 172 S. E. 612, this Court awarded a writ of mandamus to require the judge of the Domestic Relations Court of Cabell County, to enforce by process of contempt, its prior decree awarding attorney's fee and suit money in a divorce proceeding. In *McComas* v. *Warth,* 113 W. Va. 163, 167 S. E. 96, this Court held that mandamus will issue to compel an inferior court to vacate a judgment which is not in accord with the verdict of a jury and to enter a proper order. In *State ex rel. Neill* v. *Nutter,* 99 W. Va. 146, 128 S. E. 142, this Court required a circuit court by mandamus to receive and enter a verdict which was in proper form and represented the final agreement of the jury. In *State ex rel. Chafin* v. *Bailey,* 106 W. Va. 32, 144 S. E. 574, this Court held that when a sentence has been duly and properly pronounced by the trial court in a murder case which is affirmed on appeal and the case is remanded to the trial court with directions to take proper action to carry its judgment into effect mandamus will issue to compel the court to take proper action to carry out the sentence originally pronounced and affirmed. In the opinion in that case this Court said: "* * * it is the ministerial duty of the trial court to enter an order fixing a further time for the execution of the sentence already pronounced, * * *." In the early case of *Summers County* v. *Monroe County,* 43 W. Va. 207, 27 S. E. 307, in which this Court dismissed a writ of error to a judgment of the Circuit Court of Greenbrier County which refused to appoint commissioners, this Court said in point 1 of the syllabus that "The function of a circuit court, under Code 1891, c. 39, s. 18, in appointing commissioners to settle lines between counties, is ministerial, and legislative or administrative, and the court is without power to refuse such appointment on application of a county court of one of the counties. In case of its refusal, *mandamus* from this Court is the remedy, not a writ of error. This Court has no jurisdiction of such writ of error."

Under the foregoing authorities, and others to the same effect which need not be cited or discussed, it is the ministerial or nondiscretionary duty of the Circuit Court of Monongalia County to enforce its original order of September 20, 1968, requiring the County Court of Monongalia County to proceed with all deliberate speed to redistrict the magisterial districts of Monongalia County, West Virginia, in the manner provided by law and, inasmuch as more than a year and four months have elapsed since the entry of that judgment and all deliberate speed may now be properly held to mean forthwith or immediately, the county court should be required by the circuit court to begin to redistrict the magisterial districts of the county forthwith and to proceed with due diligence in the performance of its duty to comply with the mandate of the Constitution of this State.

A writ of mandamus will issue to require a circuit court to discharge the ministerial duty of enforcing its original final judgment which was not subject to subsequent change or modification and which required a county court to proceed with all deliberate speed to redistrict the magisterial districts of the county, as provided by law, to comply with the provisions of Article VIII, Section 27, of the Constitution of this State.

Prior to the effective date of the Rules of Civil Procedure, which was July 1, 1960, many decisions of this Court held that after the entry of a final judgment in a suit and the adjournment of the term at which it was entered the court can proceed no further in it by any adjudication affecting the rights or the interests of the parties; that the court has no further jurisdiction of the subject matter or the parties in the same proceeding, in the absence of statute conferring continuing jurisdiction; and that any subsequent judgment is a nullity unless effected by one of the established methods for the review and reversal of such final decree. *Edlis, Inc.* v. *Miller,* 132 W. Va. 147, 51 S. E.2d 132; *Brown* v. *Brown,* 135 W. Va. 579, 64 S. E.2d 620, and the many cases cited in the opinion in that case. In *Vencill* v. *Vencill,* 103 W. Va. 708,

138 S. E. 731, this Court held in point 2 of the syllabus that a final decree upon the merits after answer filed can not be reheard, reviewed or otherwise disturbed in the court below, after the end of the term at which it was pronounced, except for such matter as constitutes ground for a bill of review for error apparent in the decree, bill of review for newly discovered evidence, or an original bill to impeach it for sufficient cause, such as fraud in its procurement. The rule of the cited cases, however, does not apply to proceedings within the Rules of Civil Procedure which operate to change such rule, but it does apply to a mandamus proceeding which is not governed by the Rules of Civil Procedure. Accordingly, the judgment of the circuit court rendered September 16, 1969, which undertook to modify the prior unappealed original judgment of September 20, 1968, was void and of no force or effect because the circuit court was without jurisdiction to modify or change its prior judgment of September 20, 1968.

A writ of mandamus requiring the circuit court to direct the county court to begin forthwith to redistrict the magisterial districts of Monongalia County, as provided in the order of September 20, 1968, is awarded by this Court.

*Writ awarded.*