322 S.E.2d 37

Harold V. VANSCOY

v.

Jack NEAL, et al.

Anthony LEE, et al.

v.

Louis LONGANACRE, etc., et al.

Herbert NICHOLSON, et al.

v.

Louis J. TRUPO, etc., et al.

Tabitha MOBERLY

v.

Jack NEAL, et al.

Nos. 16081–16084.

Supreme Court of Appeals of
West Virginia.

Oct. 17, 1984.

John C. Purbaugh, W.Va. Legal Service Plan, Inc., Charleston, for petitioners.

NEELY, Justice:

These four cases have been consolidated because they involve similar, although not identical, questions of law relating to satisfying a judgment by suggestion of a judgment debtor's property. In each case petitioners seek a writ of prohibition against magistrates who have entered orders allowing suggestions. Petitioners Mr. Vanscoy and Mr. and Mrs. Lee seek a writ to prevent further suggestion of their wages pursuant to *W.Va.Code* 38–5A–1 [1939] *et seq.* Petitioners Mr. and Mrs. Nicholson and Mrs. Moberly seek to prohibit suggestion of their bank accounts pursuant to *W.Va. Code* 38–5–10 [1923] *et seq.* All petitioners contend that our suggestion statutes are unconstitutional because they do not require notice to a judgment debtor of his statutory rights to exemptions and do not provide adequate prior notice of the taking of his property to satisfy state and federal constitutional requirements. Because we

agree that due process requires notice of exemptions, we grant partial relief and award a moulded writ.

## I

In the first of these cases a default judgment was obtained against Mr. Vanscoy in the Magistrate Court of Cabell County by Cabell-Huntington Hospital in May 1983. The hospital filed an affidavit for the suggestion of Mr. Vanscoy's wages and the suggestee execution was subsequently issued by the magistrate clerk. On 5 August 1983, a copy of the execution was sent to Mr. Vanscoy at his place of employment, but was returned by the post office for "insufficient address." The execution was served upon Mr. Vanscoy's employer on 8 August 1983 and his wages were garnished beginning 18 August 1983.

Mr. and Mrs. Lee confessed judgment in March 1983 in a civil action brought against them by Security Pacific Finance Corporation in the Magistrate Court of Greenbrier County. Based on affidavits for suggestion of wages filed by Security Pacific, two separate suggestee executions were issued by the magistrate for the total amount of the judgment against the Lees and their respective employers. The clerk of the magistrate court certified service of a copy of the executions upon Mr. and Mrs. Lee by certified or registered mail. The executions were served upon their employers twelve days later, and the employers then notified the Lees of the suggestion of their wages.

The next two cases deal with the suggestion of bank accounts. In August 1981, a default judgment was obtained against Mr. and Mrs. Nicholson in the Magistrate Court of Harrison County by U.S. Life Credit Corporation. The Nicholsons' only income is a monthly social security check, a monthly veteran's check and a monthly retirement check, all of which are mailed directly to and deposited automatically in the Nicholsons' account at Clarksburg Community Bank. After several unsuccessful attempts to satisfy the judgment by execution of writs of *fieri facias*, U.S. Life filed for a suggestion of the Nicholsons' bank account that was issued by the magistrate clerk on 17 January 1983. The bank responded to the summons by stating the amount on deposit in Mr. and Mrs. Nicholsons' account and, pursuant to an authorization signed by the magistrate clerk, released the money to the clerk's office. The bank subsequently mailed the Nicholsons a notice of "miscellaneous debit" informing them that their account had been charged for the amount of the suggestion. As a result of this procedure, several checks written previously by the Nicholsons were not honored by the bank due to insufficient funds.

In the final case a default judgment was obtained against Mrs. Moberly in the Magistrate Court of Cabell County in July 1982 by First Huntington National Bank. This elderly lady's sole source of income is a monthly social security check that she deposits in her checking account at First Huntington National, (the only party respondent in all four of these cases to submit a brief). After obtaining a writ of *fieri facias*, the bank filed for suggestion of Mrs. Moberly's checking account and on 7 September 1983 paid to the sheriff the full amount of the judgment, less payments made previously, from funds in her account. As a result, Mrs. Moberly could not afford to pay her rent to the nursing home in which she resides.

## II

Each of the petitioners asserts that he or she has a legitimate statutory or constitutional right to claim exemption of all or part of his or her property from being levied but that he or she was either not informed or unable to exercise such exemption rights before the suggestion. The petitioners contend that exemption rights are "property rights" within the meaning of the due process clauses of the state and federal constitutions and that judgment debtors are, therefore, entitled to adequate notice of, and a meaningful opportunity to claim such rights before their property is taken to satisfy a judgment. The petitioners also assert that service of process by mailing is insufficient to provide judgment

debtors with prior notice of suggestion or garnishment.

Respondent First Huntington National Bank asserts that it properly complied with the constitutional and statutory provisions. The respondent denies the existence of a controversy in this action as Mrs. Moberly's judgment debt was satisfied fully by the suggestion. The respondent insists that the laws relating to the West Virginia judgment collection system are constitutional on their face and as applied to these petitioners. The Bank argues that granting petitioners the relief they seek "would completely destroy West Virginia's collection system."

### III

*W. Va. Code* 38–5A–1 [1939] *et seq.* provides for the suggestion of a judgment debtor's wages upon the application of the judgment creditor by proper affidavit without notice to the judgment debtor. Thereafter, the clerk or court to which such application is made issues a suggestee execution directed to the employer of the judgment debtor. This creates a statutory lien upon any salary or wages of the judgment debtor for a period of one year. Notice of the suggestee execution is required to be served upon the judgment debtor by certified mail. The execution may not, however, be served upon the employer for five days after notice has been given to the judgment debtor. Provision is made in *W. Va. Code* 38–5A–9 [1939] for the exemption of certain property from suggestion, but no prior notice of these rights, or of the process for claiming them is required.

■ Execution against the property of a judgment debtor that is in possession of a third party is covered by *W. Va. Code* 38–5–10 [1923]. Under this section, the judgment creditor makes an unverified suggestion of the necessary facts to the clerk of the circuit court who issues a summons to the third party. No notice to the judgment debtor of the summons is required by the statute, but this Court held in *Sauls v. Howell,* 172 W.Va. 528, 309 S.E.2d 26 (1983) that due process requires notice. The third party may either answer the

summons and await service of a court order before releasing the property to the clerk or it may deliver the property before the return date of the summons. Under the statute the judgment debtor is not entitled to notice of his exemption rights nor is he given an opportunity to claim his exemptions before the third party's surrender of the judgment debtor's property.

### IV

■ Notice of government involvement in private disputes has long been required by our state and federal constitutions. As the Supreme Court stated a generation ago, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *See* also *State ex rel. Thomas v. Neal,* 171 W.Va. 412, 299 S.E.2d 23, 24 (1983).

■ Due process requires a real party in interest to be given notice of the actions taken by an adversary under color of state law that may be prejudicial to his property interests. For this reason we stated in Syllabus Point 2 of *Sauls v. Howell,* 172 W.Va. 528, 309 S.E.2d 26 (1983), that "[a] judgment debtor is entitled to notice that suggestion proceedings under Chapter 38, Article 5 of the *W. Va. Code* have been instituted by a judgment debtor, and the judgment debtor shall be entitled pursuant to that notice to a copy of the summons issued under the provisions of *W. Va. Code* 38–5–10 [1931], upon the suggestion." Notice to the judgment debtor of suggestion proceedings was held necessary to aid "the judgment debtor in seeking the appropriate legal remedies to challenge the suggestion." *Id.* 172 W.Va. at ——, 309 S.E.2d at 32. Today this Court builds on the foundation begun by *Mullane, supra;* we hold that state due process entitles a judgment debtor to notice of the existence of exemptions which may be applicable to him.

## V

The law of the State of West Virginia is replete with exemptions potentially applicable to judgment debtors. The general exemption provision found in *W.Va. Const.* art. VI, § 48 provides for a homestead and a personal property exemption. Salary, or wages being suggested may be exempted under Chapter 38, Articles 5 and 5A. In addition, a judgment debtor may petition the circuit court to alter the suggestee execution on the grounds of undue hardship to him or to his family. *W.Va.Code* 46A–2–130 [1974]. Our law at this time also exempts unemployment benefits, *W.Va.Code* 21A–10–2 [1982], workers' compensation benefits, *W.Va.Code* 23–4–18 [1976], welfare benefits, *W.Va.Code* 9–5–1 [1970], unripe crops *W.Va.Code* 38–8–14 [1923], money paid by a fraternal benefit society or lodge, *W.Va.Code* 33–23–21 [1957], life insurance proceeds, *W.Va.Code* 33–6–27 [1957] and 33–6–28 [1957], judicial retirement benefits *W.Va.Code* 51–9–4 [1957], public employee retirement benefits, *W.Va.Code* 5–10–46 [1957] and teacher retirement benefits *W.Va.Code* 18–7A–30 [1941].

Furthermore, federal law currently exempts (among other items) social security benefits from execution, levy, attachment, or garnishment, 42 U.S.C.A. § 407 [1974], supplemental security income benefits 42 U.S.C.A. § 1383 [1982], veteran benefits 38 U.S.C.A. § 3101 [1982], and seamen's wages 46 U.S.C.A. § 11109 [1983].

■ Some of these exemptions may be available to a judgment debtor who is faced with suggestion proceedings. We think that a judgment debtor should be aware that exemptions exist. Consequently, we hold that notice to a judgment debtor that his wages are being suggested must include a clear statement that exemptions exist under state or federal law that may apply to him along with a statement of the proper office in which to file exemption claims. This Court is unwilling, however, to adopt petitioners' proposed "notice to judgment debtor" or to require notice that is more specific than a simple statement that debtors are entitled to exemptions under state and federal law along with a short statement of the proper place and method for asserting such exemptions in a timely manner.

■ We decline to require greater specificity because of the changing nature of our law. The adoption of any particular form would, almost certainly, be underinclusive. For example, an exemption availability statement would probably need to mention the existence of exceptions to exemptions to suggestions (as in the area of child support payments, *e.g.,* *W.Va.Code* 21A–10–2 [1982] or 46 U.S.C.A. § 11109(c) [1983] ). The form would doubtless become complex, lengthy and confusing. Notice of the availability of exemptions should be calculated to guide a judgment debtor to competent advice from a lawyer or obliging court clerk; it cannot be, however, a substitute for such advice.

## V

■ The law has long relied on the United States Postal Service's promise that the mail will get through to its destination. In this the law is seldom disappointed. Numerous evidentiary rules presume the adequacy of notice sent by mail. *See* Syllabus Points 3 and 4, *State v. Baer,* 148 W.Va. 527, 135 S.E.2d 687 (1964). Under *W.Va.R. C.P.* 77(d), notice of judgment is to be mailed and notice, under Rule 14, *W.Va. Rules of App.Pro.,* of the institution of original jurisdiction proceedings must be sent by certified mail. Therefore, we hold that when execution is made against the property of a judgment debtor in the possession of a third party, notice of the availability of exemption rights to a judgment debtor must be sent by certified mail return receipt requested, to the judgment debtor's last known address. Such mailing properly complies with the requirements of due process to inform a judgment debtor of exemption rights.

## VI

■ These consolidated cases were obviously brought as test cases to establish the principle that notice must be given to judgment debtors of exemptions. The only complaint made by Mr. Vanscoy and Mr.

58

and Mrs. Lee was lack of notice of their exemption rights. Their briefs indicate that they now have notice of exemption rights, and armed with this knowledge they may assert them at any time. Because the law does not require people to perform needless acts, we find no reason to require Mrs. Vanscoy's and Mr. and Mrs. Lee's creditors to provide notice now and, accordingly, the rule to show cause issued in their cases is discharged.

With regard to Mr. and Mrs. Nicholson and Mrs. Moberly, it appears that the money removed from their accounts was entirely exempt from execution and that lack of notice of exemption rights has injured them. Respondent Clarksburg Community Bank acted properly under the law as it existed at the time the suggestion was made and it was not unjustly enriched by its actions, but U.S. Life Credit Corporation must reimburse the total amounts it acquired by suggestion without notice. Thus the Nicholsons may now assert their exemption rights. Finally, the First Huntington Bank paid money to itself in Mrs. Moberly's case, and since it is uncontroverted that the money in Mrs. Moberly's account was entirely exempt, we order that First Huntington Bank restore the money it withdrew from Mrs. Moberly's account to her.

For the above stated reasons, the writs prayed for, as moulded, are awarded.

In Cases: No. 16081 (Harold V. Vanscoy v. Jack Neal, et al.) and No. 16082 (Anthony Lee, et al. v. Louis Longanacre, etc., et al.), Writ Denied.

In Cases: No. 16083 (Herbert Nicholson et al. v. Louis J. Trupo, etc., et al.) and No. 16084 (Tabitha Moberly v. Jack Neal, et al.), Writ Awarded as Moulded.