# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Christopher Cozad,**
**Petitioner Below, Petitioner**

**vs.)  No. 12-1416** (Monongalia County 12-C-21 and 12-C-678)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Cozad, appearing *pro se*, appeals two orders of the Circuit Court of Monongalia County. In the first order, entered November 2, 2012, the circuit court denied petitioner's petition for writ of habeas corpus without a hearing. In the second order, also entered November 2, 2012, the circuit court dismissed as moot a petition for writ of mandamus petitioner addressed to the chief judge seeking to compel appointment of counsel and a hearing on the habeas petition. Respondent Warden, by counsel Andrew Mendelson, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2006, petitioner was indicted on two counts of robbery in the first degree, one count of malicious assault, one count of wanton endangerment involving a firearm, and one count of felon in possession of a firearm. On December 5, 2006, petitioner's counsel filed a notice of intent to rely on lack of mental responsibility and a notice of intent to present expert testimony in support thereof. The notice indicated that petitioner was misdiagnosed as a teenager with attention deficit hyperactivity disorder and an anger management problem, but that petitioner's behaviors more closely resembled bipolar disorder. The notice further indicated that petitioner's counsel had contacted a mental health professional at Chestnut Ridge Mental Health Facility for an expert opinion.

The parties reached a plea agreement on February 28, 2007. Petitioner agreed to plead guilty to the two counts of robbery in the first degree and to the count charging felon in possession of a firearm. The State agreed to dismiss the remaining two counts of the indictment and not to

1

initiate proceedings under the recidivist statute.[1] The parties agreed that the State would recommend a sentence of twelve years in prison on each of the robbery counts and a sentence of two years in prison for felon in possession of a firearm and that the sentences for the robbery offenses run concurrently, but that the sentence for felon in possession of a firearm run consecutively to the sentences for robbery. The parties also agreed that petitioner would be free to make his own sentencing recommendations.

At the February 28, 2007 plea hearing, the circuit court engaged petitioner in a thorough colloquy pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). In response to the circuit court's questions, petitioner testified that he had never been treated for mental illness, but that while at Anthony Correctional Center, he had undergone an intensive drug and alcohol program. Petitioner further testified that a psychiatrist at the regional jail had prescribed Prozac for bipolar disorder and that the medical staff had prescribed Motrin for migraine headaches. Petitioner testified that neither medication had adverse side effects. Petitioner testified that no one had used threats, force, pressure, or intimidation to coerce him into agreeing to plead guilty. Petitioner further testified that he was satisfied with his counsel and that counsel did not fail to do anything to properly represent him.

The circuit court also questioned petitioner's counsel. Petitioner's counsel stated that she interviewed her client and engaged in discovery. Counsel further stated that she shared the discovery with petitioner and that she was satisfied that the State possessed lawfully acquired evidence sufficient to convict petitioner at trial. Following the questioning of petitioner's counsel, the circuit court allowed petitioner to withdraw his former pleas of not guilty and enter guilty pleas to counts one, two, and five of the indictment. The circuit court found that petitioner's guilty pleas were freely and voluntarily made and that there was no evidence of any improper threats, promises, or inducements with regard to the guilty pleas.

The circuit court then asked petitioner to describe, in his own words, the circumstances of his offenses. Petitioner testified that all he could remember about the evening of the offenses was that he had earlier gone drinking in a bar and later awoken up in a hospital. Consequently, the circuit court asked the State to make a proffer of what its evidence would have been to a jury. The State proffered that on August 16, 2006, petitioner approached two individuals in the Sunnyside area of Morgantown, West Virginia, and inquired whether they were interested in purchasing cocaine. The two individuals evidently agreed to make the purchase. Petitioner and the two individuals travelled to Granville, West Virginia, where the deal went awry. Petitioner attempted to rob the two individuals by demanding money. When they failed to produce any money, petitioner fired a shot from a gun he had in his possession and also struck one of the individuals. Following the State's proffer of what the evidence would have been, the circuit court accepted petitioner's guilty pleas and adjudged him guilty of two counts of robbery and one count of felon in possession of a firearm.

On April 16, 2007, the circuit court sentenced petitioner to twelve years in prison on each of the robbery convictions, to be served concurrently, and sentenced petitioner to five years in

---

[1] W.Va. Code §§ 61-11-18 and -19.

prison for felon in possession of a firearm, to be served concurrently with the robbery sentences. The circuit court ordered that all three sentences were to be served consecutive to sentences petitioner previously received in prior felony cases: No. 03-F-55 and No. 03-F-110.

On January 22, 2010, petitioner filed a petition for writ of habeas corpus asserting four grounds for relief. First, petitioner alleged that his guilty pleas were involuntary because the prosecutor had threatened him with a life sentence under the recidivist statute if he did not accept the plea agreement. Second, petitioner alleged that he was mentally incompetent at the time of the offenses because he was so severely intoxicated that he lost consciousness and had to be transported to the hospital for treatment. Third, petitioner alleged that the State did not produce "helpful evidence" in the form of a recorded statement the victims gave to the police and in the form of test results from a gun residue test. Lastly, petitioner alleged that counsel had been ineffective because she wrote him a letter stating that she felt that accepting the plea agreement was his only option and that if he wanted a new attorney who would take the matter to trial, she would support his doing so. Petitioner asserted that he did not realize that he could have fired counsel and then obtained another court-appointed attorney. On March 23, 2010, the circuit court ordered respondent to answer the petition. Respondent's answer was served on April 13, 2010.

Subsequently, petitioner filed a petition for writ of mandamus, dated September 26, 2012, addressed to the chief judge, seeking to compel appointment of counsel and a hearing on the habeas petition.[2] On November 2, 2012, the circuit court entered separate orders denying each of the petitions. In the order denying the habeas petition, the circuit court found that appointment of counsel and an evidentiary hearing were unnecessary because (1) "[petitioner's] petition and supporting materials are complete and the grounds for relief stated are clear and unambiguous"; and (2) "the facts in this case were sufficiently developed during prior proceedings." (Emphasis omitted.) The circuit court noted that it had access to the entire court file from the underlying criminal case as well as to the transcripts of petitioner's plea and sentencing hearings. The circuit court found that the four grounds for relief all asserted various reasons petitioner had for believing counsel had been ineffective. Therefore, the circuit court treated the assertions as a single ground for relief—ineffective assistance of counsel. The circuit court concluded as follows: "The record in this case indicates that [p]etitioner was fully advised of the terms of the proposed plea agreement and assured the Court that he was entering [into] the agreement voluntarily during the February 28, 2007, plea hearing. As such, defense counsel was not effective and the plea entered by the [p]etitoner is lawful." (Emphasis omitted.) In the order denying the mandamus petition, the circuit court found that its order denying the habeas petition rendered the mandamus proceeding moot. Petitioner now appeals both orders entered November 2, 2012, denying his petitions.

We review a circuit court's denial of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the
> circuit court in a habeas corpus action, we apply a three-prong

---

[2] The mandamus petition was later given its own case number. The chief judge was the presiding judge in both cases.

3

standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner asserts that the circuit court erred in not providing him with an opportunity to develop the record and in not making specific findings of fact and conclusions of law on each of his grounds for relief. Respondent counters that there is no right to appointment of counsel and an evidentiary hearing where the circuit court's findings are sufficient to demonstrate that the petitioner is entitled to no relief. *See* Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).[3]

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). First, while the recidivist statute was discussed during plea negotiations, there is nothing to suggest that the prosecutor threatened petitioner with a recidivist life sentence if he did not accept the plea agreement.[4] Therefore, this Court concludes that this issue lacks merit.

Second, petitioner argues that his counsel and/or the circuit court should have followed up on his "motion for psychological evaluation." Counsel never moved for a psychological evaluation, therefore, the circuit court did not need to act on such a motion. Counsel did notice the State that the defense intended to rely on lack of mental responsibility and to present expert testimony in support thereof. In the notice to the State, counsel posited that petitioner suffered from misdiagnosed bipolar disorder at the time of the offenses.[5] However, at the plea hearing,

---

[3] While petitioner styled his request for appointment of counsel and a hearing as a "petition for writ of mandamus," doing so was procedurally improper. *See State ex rel. Judy v. Kiger*, 153 W.Va. 764, 767-68, 172 S.E.2d 579, 581 (1970) ("When a duty is imposed by a law upon a court, Mandamus *from a higher court* is the proper means to compel the discharge of such duty.") (Internal citations and quotations omitted.) (Emphasis added.).

[4] Petitioner asserts that the possibility of recidivist life sentence was conveyed as a threat is because the recidivist statute did not apply in his circumstances, citing, *Moore v. Coiner*, 303 F.Supp. 185, 190 (N.D. W.Va. 1969), which held that prior convictions must precede the commission of the principal offense before they can be taken into account for recidivist purposes. *Moore* is distinguishable because petitioner had prior convictions that preceded the commission of the instant offenses, namely, those in Felony No. 03-F-55 and Felony No. 03-F-110.

[5] Petitioner's present reason for asserting that he was incompetent at the time of the offenses is different from the reason counsel put in the notice. Petitioner asserts that he was

petitioner testified that he had never been treated for mental illness and testified that although he was on prescribed medications while at the hearing, those medications had no adverse side effects. Therefore, this Court concludes that this issue lacks merit.

Third, despite the fact that petitioner's counsel stated at the plea hearing that discovery had been shared with petitioner, petitioner alleges that the State did not produce certain "helpful evidence." This Court finds this allegation to be meritless because petitioner fails to explain why he believes the evidence would have been helpful, much less exculpatory.

Fourth, petitioner asserts that counsel was ineffective because she wrote to him that she felt that the plea agreement was his only option. However, at the plea hearing, petitioner testified that he was satisfied with his counsel and that counsel did not fail to do anything to properly represent him. In addition, petitioner's counsel stated that she had interviewed her client and engaged in discovery. This Court finds that counsel was not ineffective. Therefore, after careful consideration, this Court concludes that the circuit court did not err in finding that petitioner's counsel was effective and that petitioner's guilty pleas were lawful, and that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm both the circuit court's order denying the petition for writ of habeas corpus and its order dismissing as moot the request for appointment of counsel and a hearing.

Affirmed.

**ISSUED:**  October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

suffering from severe intoxication. Severe intoxication is a defense that "can only be used when there is demonstrated a [t]otal lack of capacity such that the bodily machine completely fails." *State v. Brant*, 162 W.Va. 762, 767, 252 S.E.2d 901, 904 (1979). We find that the record does not support that an intoxication defense could have been asserted.